Ruby THOMPSON, Individually and as Executrix of the Estate of Scott Thompson, Deceased, Appellee,

v.

Earl G. ROZEBOOM, Appellant.

No. 61117.

Supreme Court of Iowa.

Dec. 20, 1978.

Rehearing Denied Jan. 19, 1979.

Thomas A. Finley of Duncan, Jones, Riley & Finley, Des Moines, for appellant.

Welsh & Sibbernsen, Omaha, Neb., and Spellman, Spellman, Spellman & Spellman, Perry, for appellee.

Considered by REES, P. J., and UHLEN-HOPP, HARRIS, McGIVERIN and LAR-SON, JJ.

REES, Justice.

This is an appeal by the defendant Earl G. Rozeboom, a doctor of medicine, from the order of the trial court sustaining plaintiff's motion for a new trial in an action for medical malpractice, after the jury had returned a verdict for the defendant. We find no abuse of discretion on the part of the trial court in sustaining plaintiff's motion for a new trial, and affirm.

This action for wrongful death was instituted in the Madison County District Court by the plaintiff Ruby Thompson in her individual capacity and as executrix of the estate of her deceased husband. Plaintiff alleged the defendant was negligent in diagnosing and treating an injury to her husband, Scott Thompson, and that such negligence was the proximate cause of Thompson's death. The defendant is one of four doctors of medicine in Winterset and Madison County, all of whom are associated in the same clinic.

Thompson, 69 years of age, suffered an abdominal injury in a tractor accident on the evening of May 4, 1975. He was admitted to the Madison County Memorial Hospital in Winterset under the care of the defendant, who diagnosed Thompson's condition as "injury to lower abdomen, exact nature uncertain". Thompson remained in the hospital overnight under the supervision of nurses who were directed to inform the defendant of any change in his condition. The next morning, following a determination that Thompson's condition had worsened, he was transferred to Iowa Methodist Hospital in Des Moines, where he underwent surgery in the afternoon of May 5. His condition was there diagnosed as "subcutaneous injury to abdomen, free perforation mideleum". The surgical procedures at Iowa Methodist Hospital disclosed Thompson was suffering from peritonitis and pyelophlebitis, and he was then transferred on June 2, 1975 to the Mayo Clinic in Rochester, where, following additional surgery, he died on June 24.

Prior to trial, the plaintiff filed a motion for change of venue, supported by affidavits, in which she alleged she could not be afforded a fair trial in Madison County because of the defendant's undue influence within the county, and the probability that jurors selected to try the case would be securing treatment from the defendant in the future. Dr. Rozeboom and his associates constituted the entire medical profession in Madison County. The motion for change of venue was overruled by Judge Frederick, who concluded the grounds asserted in the motion were speculative and that there was no showing in the affidavits of defendant's undue influence, as contended for in the motion.

The motion for change of venue was subsequently renewed by the plaintiff during the jury selection, at the close of the plaintiff's evidence, and prior to the submission of the case to the jury. Each time the

motion was renewed, it was overruled by the trial court without elaboration.

During the voir dire of the prospective jurors, 22 of 24 stated they could be fair and impartial. Two prospective jurors were disqualified for cause for reasons other than having any connection with the defendant. Of the remaining 22 prospective jurors, the plaintiff moved to disqualify 17 due to their inability to be impartial because of alleged personal relationships between them and the defendant. The voir dire examination of the 17 potential jurors indicated that either they or members of their families had been treated by Dr. Rozeboom, although several indicated they had sought treatment from him only once. The challenges were resisted on the ground that the jurors had stated in the record they could be fair and impartial. Eleven of the 17 potential jurors who were challenged were eventually selected to serve as trial jurors.

After three hours of deliberation, the jury returned a verdict for the defendant on July 21, 1977. Plaintiff filed a timely motion to vacate the verdict and requested a new trial, asserting the overruling of her motions for change of venue denied her a fair trial. The plaintiff reasserted her claim that the defendant was in a position to exercise undue influence over the members of the jury due to his being a member of the only medical association in Madison County. The motion for new trial, based on the foregoing ground, was resisted by the defendant who contended there was no showing the jurors were prejudiced. The motion for a new trial was sustained by the court, who stated:

> "(T)here is a cloud over this case occasioned by the Court's mistake of fact in judging the aggregate competence of a jury made up predominantly of the Defendant's patients or their relatives as it bears on their ability to give the Plaintiffs a fair trial."

From the order sustaining plaintiff's motion for a new trial, the defendant appeals.

In the only issue stated for review, the defendant contends the trial court abused its discretion in granting plaintiff's motion for a new trial when it had previously overruled four motions based on similar grounds during the course of the trial and prior thereto.

I. We have said the trial courts of this state have broad discretion in passing on motions for new trials. *Fleener v. Board of Supervisors of Poweshiek County*, 246 N.W.2d 335 (Iowa); *State v. Dalgliesh*, 223 N.W.2d 627 (Iowa). A trial court may grant a new trial when the verdict fails to effectuate substantial justice. *Coleman v. Brower Construction Co.*, 254 Iowa 724, 119 N.W.2d 256, 260. For a trial court to grant a new trial in the interest of justice, some reason therefor must appear in the record. *Northrup v. Miles Homes, Inc. of Iowa*, 204 N.W.2d 850 (Iowa). Only when the evidence clearly shows an abuse of discretion by the trial court will we interfere with a ruling upon a motion for new trial, *Waddell v. Peet's Feeds, Inc.*, 266 N.W.2d 29 (Iowa); *Kaiser v. Stathas*, 263 N.W.2d 522 (Iowa); Cf. *Thomas Truck and Caster Co. v. Buffalo Caster and Wheel Corp.*, 210 N.W.2d 532 (Iowa); such rationale being based upon the trial court's better position to evaluate the motion. *Smith v. Ullerich*, 259 Iowa 797, 145 N.W.2d 1, 7. Additionally, rule 14(f)(3) and (4), Rules of Appellate Procedure, provide:

> (3) In ruling upon motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties.
>
> (4) The court is slower to interfere with the grant of a new trial than with its denial.

The above rules are deemed so well established that no authority need be cited to support assertions made thereunder. When the trial court orders a new trial, concluding that substantial justice has not been done, the basis for such ruling need not be reversible error. *Powers v. City of Dubuque*, 176 N.W.2d 135, 139 (Iowa).

Rule 244(h), Rules of Civil Procedure, provides that a new trial may be granted

when, to the prejudice of the moving party, there have been "errors of law occurring in the proceedings, or mistakes of fact by the court". In addition to the grounds stated in rule 244, a trial court may also order a new trial on the ground that the verdict failed to effectuate substantial justice between the parties. *Schmitt v. Jenkins Truck Lines, Inc.,* 170 N.W.2d 632 (Iowa).

■ We must, therefore, examine the record in this case to determine whether the trial court abused its discretion in sustaining plaintiff's motion for a new trial. There does appear to have been enough information in the record on which a change of venue could have been based had the trial court so opted upon any of the earlier motions. See rule 167, R.C.P. In the affidavits submitted by the plaintiff with her initial motion, one of the affiants stated in relevant part:

"I further state that Doctor Rozeboom and his medical associates treat persons from all parts of Madison County, and that considering the small general population of Madison County, Iowa, and the very few number of doctors practicing medicine in Madison County, Iowa, that I believe it would be very difficult, if not impossible, to select a jury in this county made up of individuals who either have not been or are not patients of Dr. Rozeboom or his associates, or whose family members have not been or are not patients of Dr. Rozeboom or his associates or who may not require in the future some type of medical treatment, including emergency treatment from Dr. Rozeboom or his partners."

That 17 or 22 potential jurors, and 11 of the members of the actual trial jury, bore the aforementioned relationship to the defendant, either directly or through their family connections, could have justified a change of venue. The statements of the jurors expressing their belief in their ability to remain impartial may have provided a basis for the denial of the motion. The question as to whether the "mistake of fact" referred to by the trial court is reversible error is not before the court and need not

be addressed. See *Powers, supra.* There need only be a basis in the record for the granting of a new trial. If such a basis is present, and we are convinced it is, no abuse of discretion is found.

■ II. We need not conclude that actual prejudice was present on the part of the jury, for it is the appearance of justice, as well as the actual rendition of justice, with which we are concerned. In *Daniels v. Bloomquist,* 258 Iowa 301, 138 N.W.2d 868, 872, we said:

"In order that the institution of jury trials be preserved and its usefulness continued, its deliberations and pronouncements must be kept pure, and untainted, not only from all improper influences, but from the appearance thereof."

In a very colorful vein, it has been noted, "A juror should be as impartial as sunlight, as unprejudiced as the falling snow, and as unbiased as the angel of truth". *Wolfe v. Riggle,* 407 Pa. 172, 180 A.2d 220, 225. Due to the relationship between the defendant and almost all of the members of the trial jury, which was established by the voir dire examination of the prospective jurors, the trial court could have found the plaintiff unable to obtain a fair trial before an impartial jury. The question involves more than just the "good name" of the defendant in the community; it entails a pervasive professional relationship between the jurors, their families and the defendant. The conclusion of the trial court that substantial justice had not been rendered due to its previous "error of fact" in evaluating the potential for prejudice on the part of the jury, was not without basis in the record, and thus did not constitute an abuse of discretion.

The defendant argues that even if there were an adequate basis in the record to have initially sustained a motion for change of venue, to grant a new trial after a rendition of a jury's verdict constitutes an abuse of discretion in that the defendant now faces an additional trial due to the substitution of the judgment of the trial court for that of the jury. However, the issue of fact faced by the jury and that before the trial

court, on which the motion for new trial was based, are not coterminous. No jury is the ultimate judge as to its own qualifications. When the ruling of the trial court is so based, it is not usurping the fact-finding role of the jury. This effectively distinguishes the case of *Lantz v. Cook,* 256 Iowa 409, 127 N.W.2d 675, cited by the defendant.

Defendant also asserts that the doctor-patient relationship is not, in fact, so pervasive. Even admitting some validity to the qualifications or limitations urged by the defendant, we find the difference to be more one of degree than of consequence, there remaining sufficient doctor-patient contacts between the jurors, their families and the defendant to sustain the action of the trial court in granting the motion for new trial. Even accepting defendant's characterizations, we still find that the record establishes four of the trial jurors had been personally treated by the defendant, three members of the jury whose children or family members had been so treated, and the remaining jurors to be patients of the clinic, two of whom had once been treated by the defendant.

Courts of other jurisdictions, when faced with a similar issue, have reached a corresponding result. *Quartz v. City of Pittsburgh,* 340 Pa. 277, 16 A.2d 400; *Oventrop v. Bi-State Development Agency,* 521 S.W.2d 488 (Missouri Court of Appeals); *Union Electric Company v. Turner,* 446 S.W.2d 430 (Missouri Court of Appeals); see also 66 C.J.S. New Trial § 38, p. 132. When the court is properly of the view that it has exercised its discretion unwisely or improvidently to the prejudice of a party, it may grant a new trial. The rationale for such a rule is stated in *Union Electric Company v. Turner, supra,* at 433 (involving a trial court reconsidering its earlier decision not to disqualify a juror):

"The whole purpose of requiring that a motion for new trial be presented prior to an appeal, is to afford the trial court an opportunity to correct any mistakes that were made during the trial. If the court believes or is persuaded that errors on questions of law occurred, it may so rule and if justice requires, grant a new trial. [It] may also consider a second time, its rulings on discretionary matters and if it believes its discretion was not wisely exercised and that prejudice to the losing party resulted, may order a new trial."

Such is the situation in this case. A court should not be bound by its prior rulings when it is convinced that it has erred and there is evidence in the record to support the revision. The court, in reconsidering its prior discretionary rulings on the change of venue and the possibility of resulting prejudice to the plaintiff, granted a new trial in an additional proper exercise of its discretion. There is adequate evidence in the record on which the trial court's ruling was based. As such, the granting of a new trial was not an abuse of discretion and the action of the trial court in granting a new trial must be affirmed.

AFFIRMED.