Shirley J. HOUVENAGLE and Thomas L. Houvenagle,
Plaintiffs/Appellees/Cross-Appellants,

v.

Anna M. WRIGHT, Defendant-Appellant,

and

Des Moines Mazda-Porsche and Audi, an Iowa corporation,
Defendant/Appellee/Cross-Appellee.

No. 2–69249.

Court of Appeals of Iowa.

Sept. 27, 1983.

Paul C. Thune of Peddicord, Simpson & Sutphin, P.C., Des Moines, for defendant-appellant Wright.

Thomas D. Hanson of Blanchard, Cless, Hanson & Pundt, Des Moines, for plaintiffs/appellees/cross-appellants.

Roy M. Irish of Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for defendant/appellee/cross-appellee Des Moines Mazda.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, and HAYDEN, JJ.

OXBERGER, Chief Judge.

Defendant Anna M. Wright appeals from the trial court's grant of a new trial on claims directed against her in this personal injury tort suit arising out of a single-vehicle accident. On appeal, defendant Wright asserts that (1) there was substantial evidence from which the jury could have found that a mechanical defect in Wright's car confronted her with a "sudden emergency," so the accident was not a result of her negligence and the court should not have granted plaintiffs a new trial on their claim against her; (2) the jury verdict did effect substantial justice, so the court also abused its discretion in basing the grant of a new trial on this ground; and (3) in Iowa, new trials are generally granted as to the whole case, so even if the trial court was correct in granting a new trial as to defendant Wright, it abused its discretion in not also ordering a new trial as to defendant Des Moines Mazda-Porsche & Audi.

On cross-appeal, plaintiffs assert that (a) the jury's verdicts in favor of plaintiff Thomas Houvenagle on his claim for loss of consortium (in which, however, no damages were awarded) conflicted with the verdicts against plaintiff Shirley Houvenagle, and this provides an alternative ground for upholding the new trial as to the claim against defendant Wright and requires reversal of the trial court's denial of a new trial as to the claim against defendant Des Moines Mazda-Porsche & Audi; (b) Wright's issue (3) is correct, and requires reversal of the portion of the ruling denying a new trial as to Des Moines Mazda; and (c) the court should have submitted plaintiffs' breach of implied warranty theory to the jury. In response, cross-appellee Des Moines Mazda asserts that a theory of liability based on breach of implied warranty of fitness should not be submitted to a jury when strict liability is also submitted, except in exceptional circumstances.

In response to plaintiffs' cross-appeal, cross-appellee Wright asserts that because the notice of cross-appeal was directed only to the denial of plaintiffs' motion for new trial as to Des Moines Mazda, plaintiffs cannot raise the inconsistent verdicts issue (issue (a)) as to Wright. Wright also claims the verdicts were not inconsistent. We affirm.

Plaintiff Shirley Houvenagle was injured when she was struck by an automobile driven by defendant Anna Wright. The automobile had been purchased from defendant Des Moines Mazda-Porsche & Audi. Defendant Wright drove up in front of a Younkers store in Des Moines and parked at the curb with the engine running while waiting for her daughter to come and her foot was on the brake. When Wright's daughter had entered the car, Wright put the car into "drive" and released the brake pedal. The car accelerated wildly, spinning its rear wheels, and jumped the curb, striking Shirley Houvanagle, who was standing on the sidewalk. The car eventually came to rest against the building. Plaintiff Shir-

ley Houvenagle filed a suit for her personal damages. Plaintiff Thomas Houvenagle sued for loss of consortium.

The case was tried to a jury, which returned five verdict forms. The jury found for plaintiff Thomas Houvenagle against Wright, but stated that the amount of damages was "$–0–." The jury also found for Thomas Houvenagle against Des Moines Mazda, but again found that damages were zero. A third verdict form was once again for plaintiff Thomas Houvenagle, this time against both defendants, and again there was no damage award. Finally, the jury returned verdict forms in favor of defendant Wright as against both plaintiffs and in favor of defendant Des Moines Mazda-Porsche & Audi as against both plaintiffs.

Plaintiffs moved for a new trial. In its ruling on the motion for new trial, the court found that although "the jury verdicts may be technically inconsistent," this was not sufficient to support a grant of new trial. The court found that there was a sufficient basis for the jury to have found that defendant Des Moines Mazda was not liable based on conclusive evidence that the carburetor of the vehicle was replaced after the accident. This evidence negated plaintiffs' attempt to show that the carburetor had been defective and caused the accident. The court held that if the jury found that the carburetor was not defective and Des Moines Mazda was therefore not liable, there remained no explanation for the cause of the accident. Thus, the court reasoned, there was no excuse for defendant Wright's admitted lack of control of her automobile. From this the court concluded that the verdict in favor of Wright was "against the manifest weight of the evidence." The court also held that the verdicts in favor of Wright did not "effectuate substantial justice." The new trial was ordered on the plaintiffs' claim against Wright; the judgment in favor of defendant Des Moines Mazda was confirmed.

I. Motion for a New Trial

 Motions for new trials can be granted pursuant to Iowa R.Civ.P. 244(f) if a jury verdict is not sustained by sufficient evidence. Likewise, a trial court can grant a new trial when the verdict fails to effectuate substantial justice. *Thompson v. Rozeboom,* 272 N.W.2d 444, 446 (Iowa 1978). Generally, a trial court has broad discretion in passing on motions for new trials and only when there is a clear abuse of that discretion will we interfere with a ruling upon the motion. *Id.* at 446. However, a court has no right to set aside a verdict just because it might have reached a different conclusion. *Lubin v. Iowa City,* 257 Iowa 383, 385, 131 N.W.2d 765, 767 (Iowa 1964).

 When a trial court grants a new trial in the interest of justice, there must be some reason that fairly appears in the record. *Northrup v. Miles Homes, Inc.,* 204 N.W.2d 850, 861 (Iowa 1973). The record shows that Mrs. Wright's car was parked and the engine was running; that when she allegedly put the car into "drive," it lurched forward, accelerated wildly, jumped the curb and hit Shirley Houvenagle. We agree that evidence of an accident by itself is not sufficient to raise the presumption of Mrs. Wright's negligence. *See Chevraux v. Nahas,* 260 Iowa 817, 150 N.W.2d 78, 81 (Iowa 1967). However, we do find that the record supports the trial court's decision.

 The trial court in evaluating the record evidence was not required to accept Anna Wright's version of the accident. She testified she applied the brakes but they did not respond; that she attempted to steer the car, but it would not steer. However, no evidence was offered to establish that the brakes were faulty or the steering mechanism defective.

Georgia Wright, Anna Wright's daughter, explained the car's accelerating "like a jet" because it had idled fast prior to the accident. However, no testimony was offered that established that the "fast idle" was of the quantity to make the car accelerate "like a jet." Furthermore, immediately prior to the accident, the car was running continuously while parked in front of Younkers without any indication of a fast idling speed.

Anna Wright testified she had never experienced a fast idling problem with a car prior to the accident. She said her daughter had experienced such a problem and had pushed the accelerator hard and quickly let it up to return the speed of the engine to normal. Reviewing the totality of the evidence, it appears more likely that Anna Wright panicked when she was confronted with a rapid speed of the engine, pushed the accelerator to the floor and held it there instead of making a quick release. Another more reasonable theory under the evidence in this case is that Anna Wright, when faced with the rapid speed of the engine, thought she pushed the brakes but instead pushed the accelerator. The third more probable theory is that the engine was not racing, but Anna Wright pushed the accelerator too hard then panicked and did not release the accelerator.

The trial court has the opportunity to view the witnesses and observe the conduct of the parties. Its position enables it to evaluate the evidence firsthand. As such, we are reluctant to interfere with a grant of a new trial. *See Northrup* at 861. Therefore, for all the foregoing reasons, we affirm the trial court's finding that the verdicts in favor of Mrs. Wright do not effectuate substantial justice and are not sustained by the evidence.

## II. Co-defendant

■ We find no merit in Mrs. Wright's, nor in the Houvenagles' contentions, that the trial court erred in ordering a new trial against defendant Wright, and not against co-defendant Des Moines Mazda-Porsche and Audi. In general, a new trial may be granted in favor of any of the parties where that can be done without affecting the rights of the other parties. If it appears, as a matter of law, that there is no liability on the part of one defendant, a new trial as to him should not be granted. *See* 66 C.J.S. New Trial § 12a. We find no evidence supporting a liability claim against Des Moines Mazda-Porsche.

First of all, there was insufficient evidence to show that the car was defective when sold. Georgia Wright testified that there was no indication that anything was wrong with the car upon its purchase. She further testified that the car was taken back to Des Moines Mazda once prior to the accident but that no mechanical changes were made and that she made no complaints of any mechanical problems. She stated the only performance problem of the car was that it "idled" faster than normal on occasion, and the only repairs the car sustained prior to the accident was when a service station was asked to reset the "idler" on several different occasions. Testimony indicated that the carburetor had been rebuilt or modified in May of 1980, almost one year after the accident. Testimony also indicated that in September of 1980, the carburetor spring was such as could cause abnormal acceleration. However, there was no evidence that the fast idling prior to the accident was related to the carburetor spring problem nor was there any evidence that the carburetor sustained any major modification prior to the accident. Mrs. Wright's testimony that she had no problems with the car prior to the accident and Georgia Wright's testimony that she had only occasional minor idling problems juxtaposed with later witness testimony that the carburetor had been worked on *after* the accident and as such could cause severe accelerator problems, leads us to conclude there was not a mechanical defect when sold, nor that the fast idling could have caused the accident. We do not believe that testimony of inspection that occurred over a year after the accident is sufficient evidence of a defect when sold.

■ Regarding the contention that the trial court erred in its ruling not to submit the issue of implied warranty to the jury, there is no implied warranty of fitness from an auto dealer to members of the general public. *Hahn v. Ford Motor Co.,* 256 Iowa 27, 126 N.W.2d 350, 354 (1964). Strict liability is proper theory for the general public.

Therefore, we find that the trial court did not err in failing to include the defendant Des Moines Mazda-Porsche as defendants in

their order for a new trial. Nor did it err in its ruling not to submit the issue of implied warranty to the jury.

## III. Inconsistent Verdicts

We do not reach the merits of the inconsistent verdict issue as we have affirmed the order granting a new trial on other grounds.

AFFIRMED.

SACKETT, J., takes no part.