[No. B027350. Second Dist., Div. Five. Sept. 11, 1987.]

GERALD FALLS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
MONTGOMERY WARD & CO., Real Party in Interest.

COUNSEL

Agnew & Brusavich, Gerald E. Agnew, Jr., Bruce M. Brusavich and Jean Corey for Petitioner.

No appearance for Respondent.

Belcher, Henzie & Biegenzahn and John S. Curtis for Real Party in Interest.

OPINION

ASHBY, J.—The issue in this case is whether a "partial verdict" may be entered upon an incomplete special verdict form. We hold that it may not.

### FACTS

This is a personal injury action. Petitioner Gerald Falls (plaintiff herein) is a paraplegic who "ambulates with Canadian crutches and a swing-thru gait." On February 25, 1984, plaintiff went to the Lakewood Center Mall to patronize the Montgomery Ward Auto Center store. He parked near the store in a marked space adjacent to two trash dumpsters. After taking two or three steps, plaintiff fell when his crutch slipped in some oil, which he failed to see because it blended in with the black asphalt of the parking area. While plaintiff was waiting for an ambulance to remove him from the scene of the accident, he observed that there was oil leaking from one of the dumpsters.

Plaintiff sued real party Montgomery Ward & Co. and the Lakewood Center Mall, whose responsibility it was to maintain the dumpsters and the surrounding area. The case was tried to a jury. During the course of the trial, Lakewood Center Mall settled with plaintiff. This left Montgomery Ward & Co. as the sole remaining defendant.

The case was submitted to the jury with instructions and a special verdict form which contained the following questions.

"QUESTION NO. 1: Was Defendant negligent?

"Answer 'Yes' or 'No.'

Yes or No

"If you answer Question No. 1 'no,' sign and return this verdict.

"If you answer Question No. 1 'yes,' then answer Question No. 2.

"QUESTION NO. 2: Was such negligence a proximate cause of injury to Plaintiff?

Yes or No

"If you answer Question No. 2 'no,' sign and return this verdict. If you answer Question No. 2 'yes,' then answer the next question.

"QUESTION NO. 3: What is the total amount of damages suffered by Plaintiff as a proximate result of the accident?

"Answer: $ _____

"If you answered Question No. 3 'no damage,' sign and return this verdict. If you answer Question No. 3 with an amount of money, answer Question No. 4.

"QUESTION NO. 4: Was the Plaintiff, Gerald D. Falls, negligent?

Yes or No

"If you answer Question No. 4 'no,' please sign and return this verdict. If you answer Question No. 4 'yes,' then answer the next question.

"QUESTION NO. 5: Was the negligence of Plaintiff Gerald D. Falls, a proximate cause of injury to such Plaintiff?

Yes or No

"If you answer Question No. 5 'yes,' then answer the next question.

"QUESTION NO. 6: Assuming that 100% represent[s] the total negligence which was the proximate cause of the Plaintiff's injury, what percentage of this 100% is due to the contributory negligence of the Plaintiff and what percentage of this 100% is due to the negligence of the Defendant?

"ANSWER (a) To the Plaintiff _____ %

"ANSWER (b) to Defendant _____ %"

As the deliberations proceeded, the jury foreman advised the court that the jury had reached an impasse on question 3 (damages). The court ordered the jury to return the next day for further deliberation, which it did without success. The foreman ultimately apprised the court that "[a]fter much deliberation and 2 additional ballots the jury feels that a decision *cannot* be reached to award damages per Question No. 3." (Italics in original.)

The jury returned the special verdict form with "Yes" answers to questions 1 and 2 (liability and proximate cause) and "hopelessly deadlocked" in place of an answer to question 3. The remaining questions (apportioning negligence) were left unanswered.

After advising counsel that the jury had "hung" on question 3, the court solicited argument as to what procedure should be followed. Plaintiff's counsel argued for the entry of a "partial verdict" on the issues of liability and proximate cause; defendant's counsel contended that no verdict could be entered at all, since the jury had failed to complete the special verdict form.

The jury was then polled. On question 1 (negligence), the vote was 10-2 in plaintiff's favor. On question 2 (proximate cause), the vote was 9-3 in plaintiff's favor.

The court declared a mistrial, stating that the jury had not determined sufficient ultimate facts upon which the court could render even the partial judgment sought by plaintiff.

Plaintiff thereafter moved for entry of an "interlocutory order" adjudicating the issue of liability in his favor. The court denied the motion. Plaintiff sought a writ of mandate to compel the court to enter a partial verdict on the issues of liability and proximate cause. We initially denied the petition, but set the matter for hearing after the Supreme Court granted review and retransferred the matter to this court. Once again, we deny the petition.

### DISCUSSION

■ Unlike a general verdict (which merely *implies* findings on all issues in favor of the plaintiff or defendant), a special verdict presents to the jury each ultimate fact in the case. The jury must resolve all of the ultimate facts

presented to it in the special verdict, so that "nothing shall remain to the court but to draw from them conclusions of law." (Code Civ. Proc., § 624.)

The requirement that the jury must resolve every controverted issue is one of the recognized pitfalls of special verdicts. "[T]he possibility of a defective or incomplete special verdict, or possibly no verdict at all, is much greater than with a general verdict that is tested by special findings . . . ." (Cal. Judges Benchbook (CJER 1981) Civil Trials, § 15.10, p. 473.) Here, six "ultimate facts" were submitted to the jury: (1) defendant's negligence; (2) proximate cause; (3) damages; (4) plaintiff's negligence, if any; (5) whether plaintiff's negligence was a proximate cause of his injury; and (6) how the negligence of defendant and plaintiff should be apportioned. The jury reached a verdict on only two of these ultimate facts. ■ While the jury may have resolved the issue of defendant's negligence, it did not "resolve the issue of liability in plaintiff's favor," since in order to do so it would have to reach the question of plaintiff's comparative negligence, if any, or the contributory negligence of the settling defendant, Lakewood Center Mall.[1] The liability issue as it now stands is like a puzzle with pieces missing; the picture is not complete.[2]

Thus, this is not a case where, as plaintiff contends, "liability has been determined and the only issue remaining is damages." As respondent court correctly concluded, "the finding of the jury was not dispositive of the liability issue and percentage of fault," and therefore the jury had not determined sufficient ultimate facts upon which the court could render the "partial verdict" requested by plaintiff.

Although we appreciate plaintiff's frustration at losing an advantage fairly won, such a loss is an inherent risk of the special verdict. To award plaintiff a "partial verdict" based upon a special verdict form which is fatally deficient would be contrary to the requirement that the jury must resolve *all* the ultimate facts presented. It would also severely prejudice defendant at the time of retrial, since the jury would be instructed that defendant's negligence was a fait accompli. The record presented here demonstrates that respondent court weighed all of these issues in concluding that a mistrial must be granted. There was no abuse of discretion.

---

[1] The special verdict form used here was derived from BAJI No. 16.00, which makes no provision for a defendant who might have been negligent but who has settled out of the case. The 1986 revision of BAJI No. 16.00 permits the jury to apportion negligence between plaintiff, defendant(s), and "other persons."

[2] To the extent that our view conflicts with those expressed by the Fourth District in *Candido* v. *Huitt* (1984) 151 Cal.App.3d 918 [199 Cal.Rptr. 41], we respectfully disagree with *Candido*.

The petition for writ of mandate is denied and the alternative writ is discharged.

Feinerman, P. J., and Hastings, J., concurred.

Petitioner's application for review by the Supreme Court was denied November 18, 1987.