Richard YOUNG and Vanessa Young,
Plaintiffs–Appellants,

v.

Carol Lee GIBSON,
Defendant–Appellee.

No. 87–161.

Court of Appeals of Iowa.

March 9, 1988.

Raymond E. Pogge, of Pogge, Root & Fleming, Council Bluffs, for plaintiffs-appellants.

Curtis Hewett and Gregory G. Barnsten of Smith, Peterson, Beckman & Willson, Council Bluffs, for defendant-appellee.

Heard by DONIELSON, P.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

This is a case seeking damages as a result of an automobile accident. We address plaintiffs' claim of inadequate damages and their contention there was error in the admission of an exhibit. We affirm.

Plaintiffs Vanessa Young and Richard Young filed suit seeking damages for loss of property and personal injury Vanessa alleged she sustained when on November 19, 1985, the automobile she was driving was struck in the rear by an automobile operated by Defendant Carol Lee Gibson. Richard Young claimed a loss of consortium. The case was tried to a jury. The jury returned a verdict in favor of Vanessa Young for $804.78, an amount equal to the damage done to her automobile. No award was made for her personal injuries nor was an award made for Richard's consortium. Plaintiffs filed a motion for new trial claiming the verdict was inadequate and the trial court erroneously allowed a letter written by Vanessa's attorney to her doctor into evidence. The motion for new trial was overruled. The plaintiffs appeal urging the same grounds.

### I.

Plaintiffs' first contention is a letter written by Vanessa's attorney to her doctor, one Maurice Margules, should not have been considered by the jury because it was a violation of the attorney-client privilege and it was the attorney's work product. The letter stated:

Thank you for your report of August 29, 1986 concerning Mrs. Young on her complicated case.

I have to ask you one more question. According to the notes of Dr. Arnold Miller, after the September 3 accident, she called his office stating she was rear ended and complained of pain in the cervical area. Her main complaint was pain in her arm, neck and some in the lower back. I am enclosing a copy of Dr. Miller's notes for your information.

It was after the accident on November 19 that she complained mostly of the low back pain and the pain in her legs together with spasms.

It was after this accident that Dr. Miller recommended she see Dr. Rassekh because I believe he had seen her at some time in the past after the Mercy Hospital incident. She did not particularly care for Dr. Rassekh and made an appointment with you.

The problem I am having is tying in her complaints with the accident on September 3 and November 19. Is it reasonable to argue that the accident of November 19 further aggravated the condition which she experienced after the accident of September 3, 1985 which of course aggravated a pre-existing condition?

Again, what I am suggesting is that to help this lady, we would like to be able to argue for each accident that they contributed to the condition by aggravating a pre-existing condition. Actually, the accident of November 19 was much more severe than the accident of September 3. Thank you for your help on this matter.

Defendant contends error was not preserved because the letter came in as a part of a medical deposition and the trial court was not alerted to the problem. We determine the letter was not excludable under either objection urged by plaintiffs. We do not address the issue of preservation of error.

■ Plaintiffs claim the letter should be excluded as a confidential communication under Iowa Code section 622.10. We determine we are not dealing with a confidential communication made to an attorney. Section 622.10 provides in relevant part:

A practicing attorney, ... who obtains information by reason of the person's employment, ... shall not be allowed, in giving testimony, *to disclose any confidential communication* properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline.

■ The attorney-client privilege is not a strategic tool designed to enable a litigant to gain an advantage by keeping evidence

to himself or herself rather than sharing it with others. The privilege is established so clients can communicate concerns about their legal problems without fear the communication might subsequently be used as evidence against them. *See Saltzburg, Communications Falling Within the Attorney–Client Privilege,* 66 Iowa L.Rev. 811, 816 (1981).

■ Additionally, if there had been a privilege it would have been lost because it was in a communication made to a third person. *Cf. State v. Craney,* 347 N.W.2d 668, 679 (Iowa 1984); *State v. Flaucher,* 223 N.W.2d 239, 241 (Iowa 1974); *State v. Mickle,* 199 Iowa 704, 707, 202 N.W. 549, 551 (1925) (the fact a client makes a statement in the presence of others eliminates any attorney-client privilege).

■ Plaintiffs next claim the letter is inadmissible by virtue of Iowa Rule of Civil Procedure 122(c) because it was the attorney's work product. Rule 122(c) addresses the issue of scope of discovery of an attorney's work product. It is not an evidentiary rule. Defendant already had the letter. The issue is not one of discovery but of admission of evidence. While the work product issue may preclude production of a document, *see Castner v. Wright,* 256 Iowa 638, 654, 127 N.W.2d 583, 592 (1964), plaintiffs cite no authority nor do we find any which supports a holding an item should be excluded from evidence for the sole reason it is an attorney's work product. Having determined neither of plaintiffs' objections to the letter have merit we find no error.

## II.

■ Plaintiffs' second claim is a new trial should have been granted because the verdict was inadequate. Motions for new trial can be granted where a jury verdict is not sustained by sufficient evidence or the verdict fails to effectuate substantial justice. *Houvenagle v. Wright,* 340 N.W.2d 783, 785 (Iowa App.1983). A new trial may be granted if the jury award is excessive or unsupported by sufficient evidence. *Carter v. Wiese Corp.,* 360 N.W.2d 122, 133 (Iowa App.1984). The trial court has considerable discretion in ruling on a motion for new trial challenging the adequacy of a verdict. *Householder v. Town of Clayton,* 221 N.W.2d 488, 493 (Iowa 1974). Our task is to determine whether the trial court abused its discretion in not granting a new trial in light of the award made, not whether a higher verdict would have been justified. *Yoch v. City of Cedar Rapids,* 353 N.W.2d 95, 98 (Iowa App.1984).

■ It is conceded the verdict for property damage was equal to the damage to the car. The trial court in overruling plaintiffs' motion found the jury determined Vanessa's personal injuries resulted from other accidents and the evidence could support such a determination. The trial court has the opportunity to view the witnesses and observe the conduct of the parties. Its position enables it to evaluate the evidence firsthand. *Houvenagle,* 340 N.W.2d at 786.

Vanessa fell in January 1985 and was in a car that was hit from the rear in September 1985. She suffered injuries in those accidents similar to the injuries she claims occurred by virtue of her accident with defendant. At the time of the collision she was not working because of the previous accident. There were no visible injuries. She went home after this accident and claimed she later had problems. We agree with the trial court the jury could well have determined her injuries came from other accidents. Plaintiffs claim the verdict was contrary to the evidence because it is allegedly undisputed Vanessa was injured in the accident. The jury had the right to reject the testimony of her doctor that her injuries were caused by this accident. *Eickelberg v. Deere & Co.,* 276 N.W.2d 442, 447 (Iowa 1979) (trier of fact not bound by expert testimony, even if uncontradicted).

AFFIRMED.