[No. B060806. Second Dist., Div. Five. Nov. 10, 1992.]

TONY CONTRERAS, a Minor, etc., Plaintiff and Appellant, v.
JAMES S. GOLDRICH, Defendant and Respondent.

1432

COUNSEL

Manuel Hidalgo and Rolando Hidalgo for Plaintiff and Appellant.

Kirtland & Packard, Frank S. Collie, Harold J. Hunter, Jr., and Gregory M. Hulbert for Defendant and Respondent.

OPINION

JACKSON, J.*—In this action for medical malpractice, plaintiff and appellant Tony Contreras appeals following the trial court's entry of judgment in favor of defendant and respondent James S. Goldrich, M.D., Inc., on a special jury verdict.

Appellant, a minor, alleged in his complaint by and through his mother and guardian ad litem, Kathlene Reyes, that as a proximate result of negligence by respondent Goldrich in providing prenatal care to appellant's mother, appellant suffered injury by being born with permanent neurological damage and cerebral palsy.

The cause was submitted to a jury by special verdict. (Code Civ. Proc., § 624.) The special verdict form was based on BAJI No. 16.01 (1986 rev.). Questions Nos. 1 and 2 on the special verdict form were as follows:

"Question No. 1: Was defendant James Goldrich, M.D. negligent in the medical care and treatment rendered to Kathlene Reyes:

---

*Judge of the Minicipal Court for the Antelope Judicial District sitting under assignment by the Chairperson of the Judicial Council.

Answer 'yes' or 'no'
Answer: _____
If you answer Question No. 1 'no', sign and return this verdict. If you answer Question No. 1 'yes', then answer Question No. 2.
"Question No. 2: Was James Goldrich, M.D.'s negligence a legal cause in bringing about injury to Tony Contreras?
Answer 'yes' or 'no'
Answer: _____."

The jury was unable to agree on a verdict as to question No. 1.

As to question No. 2, however, the necessary nine jurors agreed (Code Civ. Proc., § 618; Cal. Const., art. I, § 16; *Resch* v. *Volkswagen of America, Inc.* (1984) 36 Cal.3d 676, 682 [205 Cal.Rptr. 827, 605 P.2d 1178]) that respondent's negligence was *not* a legal cause in bringing about injury to appellant.

Based on the jury's answer to question No. 2 the court entered judgment for respondent. Appellant contends that because the jury failed to answer question No. 1, the verdict was incomplete or fatally deficient to support entry of judgment for respondent; appellant contends the trial court instead should have declared a mistrial or granted a new trial. Rejecting this contention we affirm the judgment.

## DISCUSSION

"[A] special verdict is that by which the jury find the facts only, leaving the judgment to the Court. The special verdict must present the conclusions of fact as established by the evidence, and not the evidence to prove them; and those conclusions of fact must be so presented as that *nothing shall remain to the Court but to draw from them conclusions of law*." (Code Civ. Proc., § 624, italics added.)

■ Contrary to appellant's contention, the jury's verdict was not fatally incomplete. A cause of action in tort for professional negligence requires as a necessary element a proximate causal connection between the negligent conduct and the resulting injury. (*Morgenroth* v. *Pacific Medical Center, Inc.* (1976) 54 Cal.App.3d 521, 533 [126 Cal.Rptr. 681]; *Simmons* v. *West Covina Medical Clinic* (1989) 212 Cal.App.3d 696, 701-702 [260 Cal.Rptr. 772].) Therefore, when the jury specially found that respondent's alleged negligence was not a legal cause of appellant's injury, nothing remained for the court but to draw the conclusion of law that respondent is not liable to appellant. (Code Civ. Proc., § 624.)

The parties have cited no California case squarely in point.[1] Under the analogous rule 49 of the Federal Rules of Civil Procedure, two federal courts held that judgment was properly entered for the defendant on a special verdict in which the jury failed to find on negligence but did find absence of proximate cause. (*Skyway Aviation Corp.* v. *Mpls., Northfield & So. Ry. Co.* (8th Cir. 1964) 326 F.2d 701, 703-704; *Audette* v. *Isaksen Fishing Corp.* (1st Cir. 1986) 789 F.2d 956, 957-958.)

The cases on which appellant relies are distinguishable. In both of those cases the incomplete special verdict was partially favorable to the plaintiff, and the plaintiff contended that a new trial should be limited to the issue of damages. The plaintiff's argument was rejected because the jury did not make sufficient findings to completely dispose of liability in the plaintiff's favor. (*Falls* v. *Superior Court* (1987) 194 Cal.App.3d 851, 855 [239 Cal.Rptr. 862] [jury found defendant was negligent but failed to find on the comparative negligence of the plaintiff or of a settling codefendant]; *Lahmann* v. *Sisters of St. Francis* (1989) 55 Wn.App. 716 [780 P.2d 868, 870, 873] [jury found defendant's negligence but failed to find on proximate cause].) Neither of those special verdicts dispositively showed the defendant liable to the plaintiff. Here, on the other hand, the jury's special verdict finding the *lack* of proximate cause is dispositive of the defendant's *non*liability. (*Skyway Aviation Corp.* v. *Mpls., & So. Ry. Co., supra*, 326 F.2d at p. 704.)

Thus, appellant takes out of context certain language in *Falls* v. *Superior Court, supra*, that "[t]he jury must resolve all of the ultimate facts presented to it in the special verdict," and "[t]he requirement that the jury must resolve every controverted issue is one of the recognized pitfalls of special verdicts." (194 Cal.App.3d at pp. 854-855, cited in 75B Am.Jur.2d Trial (1992 rev.) § 1846, pp. 588-589.) The court there was referring to every controverted issue *necessary to dispose* of liability. (194 Cal.App.3d at p. 855 ["While the jury may have resolved the issue of defendant's negligence, it did not 'resolve the issue of liability in plaintiff's favor' "].) Here, the jury *has* resolved the issue of liability in respondent's (defendant's) favor.

We find no merit to appellant's contention that the issue of proximate cause cannot logically be decided without prior agreement on the existence of negligence. The jurors could have disagreed about whether respondent's conduct fell below the applicable standard of care, but nevertheless agreed that the conduct, even if negligent, did not proximately cause appellant's injury. Where, as here, the record on appeal does not contain the trial

---

[1](See, generally 89 C.J.S., Trial, § 558, p. 314.)

evidence or jury instructions, we must presume the trial court's interpretation of the verdict was reasonably warranted under the evidence and instructions. (*Snodgrass* v. *Hand* (1934) 220 Cal. 446, 449 [31 P.2d 198].)

The judgment is affirmed.

Turner, P. J., and Grignon J., concurred.