# IN THE COURT OF APPEALS OF IOWA

No. 18-0566
Filed May 1, 2019

**MARSHA WHITLOW,**
        Plaintiff-Appellant,

**vs.**

**RON McCONNAHA, JODI McCONNAHA, and TIMOTHY NEWTON,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling,

Judge.


        The plaintiff in a negligence action appeals the denial of her motion for

mistrial and the partial denial of her motion for new trial.  **REVERSED AND**

**REMANDED.**


        Benjamin P. Long and Pressley Henningsen of RSH Legal, P.C., Cedar

Rapids, for appellant.

        Patrick L. Woodward and Ryan F. Gerdes of McDonald, Woodward &

Carlson, P.C., Davenport, for appellee.


        Heard by Mullins, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

After suffering serious injuries in a collision between the motorcycle on which she was a passenger and a farm tractor, Marsha Whitlow sued both drivers. Following trial, the jury returned an incomplete verdict form—finding the tractor driver, Ron McConnaha, was not at fault but failing to address the fault of the motorcycle driver, Timothy Newton. The district court discharged the jury before noticing the omission.

Whitlow moved for a mistrial or, alternatively, a new trial. The district court granted a new trial only as to defendant Newton. The court concluded the verdict form was "not incomplete" as to defendant McConnaha. Whitlow appeals, contending the nature of comparative fault requires simultaneous consideration and determination of the liability of all potential tortfeasors. McConnaha defends the district court's ruling, first alleging Whitlow failed to preserve her claim by not objecting to the verdict forms and then arguing the jury "fully and completely considered the evidence" as to his liability.[1]

Because Whitlow is challenging the incomplete jury verdict rather than the directions on the form, we reject McConnaha's error-preservation argument. And because Whitlow is entitled to a complete retrial where the jury compares the fault of both drivers, we reverse the district court's ruling in part, and remand for a new trial allowing Whitlow to litigate her cause against both McConnaha and Newton.

---

[1] Newton waived his right to participate in this appeal.

## I.      Facts and Prior Proceedings

In June 2015, McConnaha was pulling a hay rake behind his tractor while traveling southbound on Muscatine Road.  Newton—Whitlow's fiancé—was driving his motorcycle in the same direction on the two-lane highway.  As McConnaha turned left into a farm lane, Newton tried to pass on the left.[2]  The motorcycle struck the tractor, and Whitlow—who was riding behind Newton—was seriously injured.[3]

Whitlow filed a negligence action against McConnaha.[4]  McConnaha filed a third-party action against Newton, alleging his negligence as the motorcycle driver.  Whitlow then amended her petition alleging negligence against Newton as well.

The court held a six-day jury trial in late February and early March 2018.  Following the presentation of evidence, counsel for the parties addressed the final jury instructions with the district court and submitted the case, along with a four-page special-verdict form, to the jury.[5]

---

[2] The speed limit was fifty-five miles per hour and the highway was zoned for passing at the location of the crash.  McConnaha's tractor was traveling about ten to fifteen miles per hour before making the turn.  McConnaha testified his hazard lights were flashing on the roof of his cab and he activated his turn signal before steering left into the driveway.

[3] Emergency personnel airlifted Whitlow to University of Iowa Hospitals and Clinics.  She experienced leg fractures, rib fractures, a broken neck, and multiple contusions.  According to court filings, she suffered ongoing "cognitive and physical deficits" attributable to the collision.

[4] Whitlow named both Ron McConnaha and his wife, Jodi, in the pleadings.  Jodi was the co-owner of the 1976 John Deere tractor her husband was driving at the time of the collision.  For ease of reference in this opinion, we will refer to defendant Ron McConnaha in the singular.

[5] Courts treat special interrogatories under Iowa Code chapter 668 (2015) as special verdicts for purposes of the rules of civil procedure.  *See* Iowa R. Civ. P. 1.933.

In relevant part, the verdict form read:

> We, the Jury, find the following verdict on the questions submitted to us:
> **QUESTION NO. 1:** Was Ronald McConnaha at fault?
> Answer "yes" or "no."
> ANSWER: _____
> [*If your answer is no, do not answer any further questions and sign the verdict form. If your answer is yes, answer Question No. 2.*]
>
> **QUESTION NO. 2:** Was the fault of Ronald McConnaha a cause of any item of damage to the plaintiff?
> Answer "yes" or "no."
> ANSWER: _____
> [If your answer is no, answer do not answer any further questions and sign the verdict form. If your answer is yes, answer Question No. 3.]
>
> **QUESTION NO. 3:** Was Timothy Newton at fault?
> Answer "yes" or "no."
> ANSWER: _____
> [If your answer is no, do not answer Questions 4 or 5. If you answer is yes, answer Question No. 4.]
>
> **QUESTION NO. 4:** Was Timothy Newton's fault a cause of any item of damage to the plaintiff?
> Answer "yes" or "no."
> ANSWER: _____
> [If your answer is no, do not answer Questions No. 5. If your answer is yes, answer Question No. 5.]
>
> **QUESTION NO. 5:** Using 100% as the total combined fault of Ronald McConnaha and Timothy Newton which was a cause of plaintiff's damage, what percentage of such combined fault do you assign to Ronald McConnaha and what percentage of such combined fault do you assign to Timothy Newton?
> ANSWER:  Ronald McConnaha      _____%
> Timothy Newton      _____%
> TOTAL        100%
>
> **QUESTION NO. 6:** State the amount of damages sustained by plaintiff caused by Ronald McConnaha and/or Timothy Newton's fault . . . .

(Emphasis added.)

In response to Question No. 1 on McConnaha's fault, the jury wrote, "NO." Then, following the bracketed directions on the form, the jury did not answer any further questions, including those concerning Newton's liability. The jury foreperson signed the verdict form at the bottom of the fourth page and returned it to the court on March 7. The court entered an order on March 8, noting the jury returned a verdict finding McConnaha was not negligent. The court discharged the jury, but it is not clear from the record when that happened.

On March 12, Whitlow filed a motion seeking a mistrial or, alternatively, a new trial. In the motion, Whitlow pointed out the flawed directions on the verdict form. Whitlow's motion asserted

> the Court relied on a proposed verdict form submitted by [d]efendant Ron McConnaha. McConnaha's proposed form included bracketed guidance which was incorrect—it guided the jury to stop deliberating if the jury answered "no" on the first special interrogatory. This, of course, was incorrect guidance given the comparative fault of multiple defendants. Plaintiff submitted a competing proposed verdict form with the correct bracketed guidance below special interrogatory number one.

Whitlow acknowledged during discussions on the proposed jury instructions none of the four lawyers for the parties or the court caught the error before the matter was submitted to the jury. As to her motion for mistrial, Whitlow argued the jury's failure to answer interrogatories concerning defendant Newton was tantamount to a hung jury. Whitlow alternatively requested a new trial under Iowa Rule of Civil Procedure 1.1004 as to all issues of liability and damages.

The court denied the motion for mistrial and granted the motion for new trial as to Newton alone. The district court found Whitlow was "entitled to a new trial as to all issues not fully litigated and determined by the jury" but concluded the

verdict was "complete and consistent" as to McConnaha because he was "exonerated of all fault." Whitlow appeals.

## II. Scope and Standards of Review

"We review a district court's denial of a mistrial for an abuse of discretion." *Kinseth v. Weil-McLain*, 913 N.W.2d 55, 66 (Iowa 2018). "A court abuses its discretion when its ruling is based on grounds that are unreasonable or untenable." *Giza v. BNSF Ry. Co.*, 843 N.W.2d 713, 718 (Iowa 2014) (quoting *In re Tr. No. T–1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013)). Grounds "are unreasonable or untenable when they are based on an erroneous application of law." *Id.* (quoting *Trimble*, 826 N.W.2d at 482).

Our standard of review for a new-trial ruling "depends on the grounds raised in the motion." *Olson v. Sumpter*, 728 N.W.2d 844, 848 (Iowa 2007) (citation omitted). If the motion hinged on a discretionary ground, we review for an abuse of discretion; if the motion raised a legal question, review is for errors at law. *Id.* Motions for new trial are governed by Rule 1.1004, which sets out nine possible grounds to justify granting a new trial when error "materially affected movant's substantial rights." Whitlow does not identify a specific ground but asserts the court abused its discretion in the face of an inconsistent verdict.

With regard to inconsistent verdicts, our case law indicates, "[T]he trial court has some discretion when faced with inconsistent answers in a verdict." *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006). "[W]hether a verdict is inconsistent so as to give rise to the exercise of that discretion is a question of law." *Id.* "Therefore, we review the

district court's conclusions as to whether answers are inconsistent for correction of errors at law." *Id.*

## III. Analysis

**Error preservation.** As a threshold matter, McConnaha argues by not lodging a timely objection, Whitlow failed to preserve "any argument that the verdict form was misleading, was otherwise improper, or that the jury's verdict was inconsistent based on the verdict form." *See* Iowa R. Civ. P. 1.924 ("Before jury arguments, the court shall give to each counsel a copy of its instructions in their final form, . . . . Within such time, all objections to giving or failing to give any instruction must be made . . . . No other grounds or objections shall be asserted thereafter, or considered on appeal."); *Olson*, 728 N.W.2d at 848 (finding objections to jury instructions on the mitigation of damages or the corresponding verdict form had to be made before closing arguments or the challenge is not preserved). But in his appellate argument, McConnaha does not deny the jury was, in fact, misled by the directions on the verdict form, or that neither side's attorneys nor the judge noticed the error before submitting the case to the jury.

The record is unclear how the faulty directions made their way into the verdict forms. Whitlow's proposed verdict forms included the correct directions for multi-defendant cases. In her mistrial motion, Whitlow alleged McConnaha's proposed verdict forms contained the incorrect bracketed guidance—a charge McConnaha did not deny in his resistance. But the jury-instruction portion of the transcript provided for this appeal does not include any discussion of the verdict

forms. On top of that, we have no record of how the district court conveyed the news of the verdict to the parties or exactly when the court discharged the jury.

Setting that lack of clarity aside, Whitlow's objection on appeal is not to the faulty directions on the verdict form, but rather to the incomplete or inconsistent nature of the verdict. Her post-verdict motion for mistrial or new trial preserved those claims. *See Clinton Physical Therapy*, 714 N.W.2d at 610 (finding consent to a sealed verdict did not foreclose ability to request a new trial alleging an inconsistent verdict). Accordingly, we find McConnaha's preservation argument is misplaced.

**Merits.** Whitlow first argues the district court should have granted her motion for a mistrial because the jury's verdict was incomplete and, therefore, tantamount to a hung jury. McConnaha claims the jury's failure to complete the special verdict form is not the same as a hung jury. Furthermore, in McConnaha's view, because the jury found him not at fault, the verdict was complete *as to him*, and the district court properly granted a new trial only as to Newton. Whitlow responds the negligence issues are so intertwined that retrial is required for both defendants. In her estimation, "a hung jury to one is a hung jury to all."

We approach Whitlow's argument from the "general rule" that "when a new trial is granted, all issues must be retried." *Bryant v. Parr*, 872 N.W.2d 366, 380 (Iowa 2015) (quoting *McElroy v. State*, 703 N.W.2d 385, 389 (Iowa 2005) (opining that practice of granting partial retrials is "not to be commended")). But we recognize courts may "narrow the scope of the retrial" if the "issue to be tried is

distinct and separable from the other issues, and that the new trial can be had without danger of complications with other matters."[6]  *Id.*

Citing *Wederath v. Brant*, Whitlow asserts, "[O]mission of answers is a hung jury, at least as to unanswered questions."  319 N.W.2d 306, 308–10 (Iowa 1982).  In *Wederath*, the jury answered two of four special verdicts in a case involving a holdover tenant.  *Id.* at 308.  On questions one and two, the jury found rental values for the two years in question.  *Id.* at 307.  But it "hung" on the third and fourth verdicts: whether the tenants acted "willfully."  *Id.*  The supreme court held the jury's failure to reach a verdict on those two questions was not to be taken as findings against the party with the burden of persuasion but rather amounted to a mistrial and required retrial "at least as to the unanswered findings."  *Id.* at 310.  Therefore, according to Whitlow, a hung jury constitutes a mistrial and all the issues "necessary to judgment" must be retried.  *See id.*

McConnaha believes *Wederath*— "when actually examined"—supports his position.  He notes *Wederath* did not order a new trial on verdicts one and two.  He asserts just as with those special verdicts in *Wederath*, the jury here "already decided the question" of his fault and retrial need only address Newton's fault.  *See id.* at 310.

Whitlow is correct that under *Wederath* a jury's failure to answer a special verdict question—even if the record does not disclose the exact reason for the

---

[6] For example, in *Bryant*, the supreme court approved retrial on the damages portion of a negligence claim when the jury properly apportioned fault between parties (finding the plaintiff five percent at fault, one defendant ninety-five percent at fault, and the second defendant faultless) but awarded inconsistent damage amounts. *Id.* at 380–81. The court found the issues of fault and amount of damages were separable, directing the damages-only retrial award to be reduced by the plaintiff's five-percent fault. *Id.* at 381.

failure—results in a mistrial and requires retrial. *See id.* at 308 (discussing *Iacurci v. Lummus Co.*, 387 U.S. 86, 87–88 (1967), where United States Supreme Court found retrial necessary when jury, without explanation, answered only one of five special findings). And McConnaha is correct that the scope of retrial may, in certain circumstances, be limited to the questions left unanswered by the jury's verdicts. *See id.* at 309–10. So *Wederath* offers some ammunition for each side. But, because it does not involve the comparative fault of multiple defendants, it falls short of a silver-bullet solution for this appeal.

For guidance on multiple defendants, we turn to *Jack v. Booth*, 858 N.W.2d 711, 719–20 (Iowa 2015). *Booth* addressed the standard for deciding if the grant of a new trial should apply to all or only some defendants. *Id.* at 719 (citing *Sheridan v. St. Luke's Reg'l Med. Ctr.*, 25 P.3d 88, 97 (Idaho 2001) (allowing exclusion of a second defendant from new-trial order only if "the issues are so distinct and separable that a party may be excluded without prejudice")). *Booth* reiterated, "[A] new trial may be granted in favor of any of the parties where that can be done without affecting the rights of the other parties." *Id.* (quoting *Houvenagle v. Wright*, 340 N.W.2d 783, 786 (Iowa Ct. App. 1983)).[7] After an

---

[7] In *Houvenagle*, the district court granted a new trial against the driver of a car that hit a bystander. 340 N.W.2d at 785. The driver claimed a brake defect caused the accident. *Id.* The jury returned verdicts in favor of the driver and car dealership. *Id.* The district court granted a new trial as to the driver, concluding the verdict was "against the manifest weight of the evidence" but denied the plaintiff's motion for retrial against the car dealership because no evidence was presented of a defect in the car. *Id.* We approved the district court's actions stating, "If it appears, as a matter of law, that there is no liability on the part of one defendant, a new trial as to him should not be granted." *Id.* We cannot say in the case before us that, as a matter of law, McConnaha bears no fault in spite of the jury verdict.

irregularity arose during trial,[8] *Booth* upheld the grant of a new trial to just one of two doctors being sued because the negligence issues were not "so intertwined as to necessitate a new trial" for both defendants. *Id.* at 720 (noting jury was not asked to weigh comparative fault of obstetrician and anesthesiologist on trial).

Whitlow contends here, unlike *Booth*, the comparative nature of the fault at issue mandates a retrial involving both defendants. She identifies the collision as a single, discrete event caused by the combined conduct of both Newton and McConnaha. And, because the jury would be asked to apportion fault, Whitlow contends she would be prejudiced by anything less than a full retrial of her claims against both defendants. We agree the negligence questions are not divisible here like they were in *Booth*. A partial new trial excluding defendant McConnaha would prejudice Whitlow's right to have one complete trial where the jury assesses the comparative fault of both drivers. *See Hutson ex rel. Estate of Hutson v. Sureddi*, 41 P.3d 993, 998 (Okla. Ct. App. 2001) ("In some circumstances, the rights of the parties involved may be so intertwined that justice requires a new trial as to all parties and all issues.").

We understand McConnaha's complaint that a retrial will offer Whitlow the proverbial "second bite at the apple" on the issue of his fault. But we find symmetry in the fact that had the district court caught the mistake before discharging the

---

[8] A juror fainted, and the anesthesiologist administered first aid. *Booth*, 858 N.W.2d at 714–15. The court dismissed the juror but—because the incident happened in view of the remaining jurors—the plaintiff moved for a mistrial. *Id.* at 715. The supreme court ordered a new trial against the anesthesiologist, citing the "warm feelings" his actions would have engendered with the jury. *Id.* at 714, 720–21. The plaintiff's claims against the obstetrician involved her obstetrical injuries, while her claims against the anesthesiologist stemmed from an injury to her arm from a negligently administered IV in a separate and distinct medical event. *Id.*

jurors, the proper remedy would have been to inform the jurors of their omission, order them to resume deliberations, and inform them that they could change any portion of the verdict form. *See* Iowa Code § 668.3(6). Under that statute, the jury's initial answer on McConnaha's fault would remain an incomplete, partial verdict until the jury simultaneously addressed Newton's fault and determined their combined fault, if any. The remedy of a complete new trial, therefore, delivers justice for all the parties.

The district court erred in concluding the special verdict form was complete as to McConnaha and denying Whitlow's motion for a mistrial.[9] Because the district court's order of a partial new trial was also based on that erroneous application of the law, we find an abuse of discretion. *See Giza*, 843 N.W.2d at

---

[9] A California appellate court addressed a similar "partial verdict" in *Falls v. Superior Court*, 239 Cal. Rptr. 862, 865 (Ct. App. 1987). In that slip-and-fall action, the jury returned special verdict forms finding the defendant-store negligent and the proximate cause of injury, but did not reach questions of comparative negligence by the plaintiff-customer or any fault by the settling defendant-shopping mall. *Id.* The plaintiff-customer declared victory and argued only damages remained to be decided. *Id.* The California court disagreed, explaining:

> Although we appreciate plaintiff's frustration at losing an advantage fairly won, such a loss is an inherent risk of the special verdict. To award plaintiff a "partial verdict" based upon a special verdict form which is fatally deficient would be contrary to the requirement that the jury must resolve *all* the ultimate facts presented.

*Id.* The *Falls* court decided a mistrial was appropriate because "[t]he liability issue as it now stands is like a puzzle with pieces missing; the picture is not complete." *Id.* The same puzzle exists in Whitlow's case. On retrial, it would prejudice Whitlock to instruct the jury that McConnaha's lack of fault was "a fait accompli." *See id.* Rather, the jury should compare the fault of the two defendants.

718. We reverse the partial denial of Whitlow's mistrial motion and remand for a new trial as to both McConnaha and Newton.[10]

**REVERSED AND REMANDED.**

---

[10] Whitlow argued, in the alternative, the court should have granted a new trial on the ground the jury returned inconsistent verdicts. Because we grant a new trial on the mistrial claim, we do not address her inconsistent-verdicts argument. Whitlow also challenges the district court's rulings on two jury instructions—an allowed instruction on the "mere fact" of injury and an excluded instruction on motorcycle helmets. Because the propriety of giving such instructions will depend on the parties' presentation of evidence in the second trial, we decline to address those claims in this appeal.