[No. 4310.   Decided May 20, 1902.]

ISAAC DOSSETT, *Respondent,* v. ST. PAUL AND TACOMA LUMBER COMPANY, *Appellant.*

APPEALABLE ORDER — ORDER DIRECTING RETRIAL ON FAILURE OF JURY
TO AGREE.

An order of the court discharging a jury for failure to agree and referring the case back for notice on the assignment list for a retrial thereof, is not the granting of a new trial, and hence not appealable under Bal. Code, §6500, which authorizes appeal from an order granting a new trial.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM O. CHAPMAN, Judge.   Appeal dismissed.

*W. P. Reynolds, Herbert S. Griggs* and *Arthur Remington,* for appellant.

*Ellis & Fletcher,* for respondent.

The opinion of the court was delivered by

WHITE, J.—On motion to dismiss appeal and for other relief.   The record shows that this action was commenced by respondent against appellant for its alleged negligence causing injuries to respondent while in the employ of appellant.   Appellant filed a demurrer to the complaint. This demurrer was, after argument, overruled.   Appellant, after filing an answer, got leave of the court to file an amended answer.   Appellant then filed an amended answer, which, after certain denials to allegations in respondent's complaint, set up defenses that respondent assumed the risk, that the injury was caused by the act of a fellow servant, and that respondent was guilty of contributory negligence.   Respondent then filed a reply to the amended answer, pleading, in effect, a general denial.

Respondent then gave notice of assignment for trial. The
cause was then, on the 7th day of April, 1902, brought
on regularly for trial before the court and a jury, respond-
ent and appellant both appearing.   Trial not being com-
pleted on the 7th, the cause was continued until the 8th
at 10 o'clock, at which time it was again taken up.   Re-
spondent, on this day, completed the introduction of tes-
timony on his behalf, whereupon the defendant moved the
court that the court, as a matter of law, direct the jury to
return a verdict for appellant.   The jury was then excused
and counsel for respondent and appellant proceeded to ar-
gue this motion to the court.   The argument not having
been concluded on this day, the cause was continued until
the 9th day of April, at which time the argument was con-
tinued, and, after the court had fully heard counsel for re-
spondent and appellant, the court denied appellant's mo-
tion.   Appellant then moved the court for a nonsuit, with-
out desiring to argue the same, and the motion was by the
court denied.   Thereupon the jury was recalled to the box,
and the trial proceeded by the introduction of testimony on
the behalf of appellant, and after all of appellant's testi-
mony had been introduced, and respondent's rebuttal tes-
timony introduced, appellant again moved the court that
the jury be directed to return a verdict for appellant,
which motion, after argument by counsel for respondent
and appellant, was denied by the court.   The cause was
then continued until the 10th of April, at which time
counsel for appellant and respondent argued the cause to
the jury, and, after their argument had been completed,
the court charged the jury on the law of the case, and the
jury retired to its jury room for deliberation, counsel for
respondent and appellant agreeing that the jury might re-
turn a sealed verdict.   The jury deliberated from the time

the cause was submitted to them on the 10th of April until 10 o'clock on the morning of the 11th of April, at which time the jury was called into court, and asked by the court if they had agreed upon a verdict, and upon their informing the court that they had not agreed the court sent them back to their jury room for further deliberation. Thereafter, at 12 o'clock M. on the same day, the court again called the jury into open court, and again asked them if they had agreed upon a verdict. Upon their stating that they were unable to agree upon a verdict, the court discharged the jury from further consideration in the case, and referred the case back for notice on assignment list. Respondent then moved the court to be allowed to file an amended complaint, which motion, with copy of the proposed amended complaint, was served upon counsel for appellant on the 15th day of April, A. D. 1902, notifying appellant that on Saturday, the 19th day of April, 1902, said motion would be called up for hearing. On the 17th of April, 1902, appellant moved the court to fix the amount of a supersedeas bond on appeal, which amount the court fixed at one thousand dollars ($1,000). On the same day appellant served upon counsel for respondent notice of appeal, appeal bond, and supersedeas bond, and filed all of the same on the succeeding day, April 18, 1902. On Saturday, the 19th day of April, A. D. 1902, respondent, pursuant to his motion for leave to amend complaint and his notice that the same would be called up for hearing at that time, called up the same for hearing, at which time, it appearing to the court that appellant had appealed this cause to the supreme court, the court refused to consider said motion until after the determination of said appeal.

Section 6500, Bal. Code, provides for appeals to this court. Subdivision six of that section is as follows:

"From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; or (3) grants a new trial; or (4) sets aside or refuses to affirm an award of arbitrators, or refers the cause back to them."

The third statement of the subdivision is the one upon which the appellant relies to sustain its appeal. We agree with the appellant that the laws relating to appeals are remedial statutes, and are entitled to the most liberal construction. The intent of the legislature in enacting such laws is the leading consideration where there is a question of doubt as to the interpretation of the act. We have no doubt that the leading object of the legislature in giving the right of appeal from any order granting a new trial and the prevailing intention of the act was to save cost and avoid unnecessary litigation involved in such retrial when the order therefor was erroneous. But it must not be overlooked that we have uniformly held that, unless there was a clear abuse of discretion in granting a new trial, this court would not review the order. The reason given by us for this rule is that "Such an order does not conclude the rights of the party against whom the ruling is made. It simply casts upon him the burden of again submitting his case to a jury." *Kohler v. Fairhaven, etc., Ry. Co.,* 8 Wash. 453 (36 Pac. 253). That is all the burden that the law imposes upon the defendant in case of a mistrial.

In the case at bar there has been no order of the court granting a new trial. There has been a *mistrial* by reason of the failure of the jury to agree upon a verdict. There has been no abuse of discretion by the court in discharging the jury from a consideration of the case when they failed to agree. The day has long since passed when courts are

justified in carting juries about and starving them into submission. The appellant, in substance, says, the condition here presented is that the appellant is about to be subjected to the expense of another jury trial, for which it has no redress, whatever may be the result, because, if the judgment is finally in its favor, the same will avail nothing because of the poverty of the respondent. For this reason it contends the court should review the evidence in the case that resulted in a mistrial in order to determine whether the court made the proper rulings on the motions for a nonsuit and for a directed verdict. The law expressly provides for the discharge of the jury after they have been kept together, and it satisfactorily appears that there is no probability of their agreeing, and the action shall thereafter be for trial anew. §§ 5006, 5007, Bal. Code. From the matters disclosed in this record the issues may not be the same in the next trial. Great liberality under our system is allowed in the pleadings. Even if the pleadings are not amended, the same evidence may not be before the jury in the next trial. But there has been no order granting a new trial in this case. If this case is resubmitted to a jury, it will result from the express provision of the statute, and not from any order of the court. The action which may result in a re-examination of the issues in this case was the act of the jury in its failure to agree, and not the act of the court, and no act of a jury is reviewable in this court except on appeal from a judgment rendered on their verdict. *Buckley v. Conley,* 16 Wash. 338 (47 Pac. 735). No final judgment has been entered in this case. *Olsen v. Newton,* 3 Wash. 429 (30 Pac. 450). We have held that, after a demurrer was sustained to the complaint, and before final judgment was entered, and where the appeal was from the order sustaining the de-

murrer, that the appeal was of no avail because of the want of a final judgment, and that to review such an order the appeal should be from the final judgment. *Mason County v. Dunbar,* 10 Wash. 163 (38 Pac. 1003). The motion for a nonsuit and for an instructed verdict was, in effect, a demurrer to the evidence, and falls within the same rule laid down in the case last cited.

To entertain this appeal will be to try the case piecemeal. We have held that this court will not permit a cause to be brought before it by piecemeal for review unless clearly authorized to do so by legislative enactment. In *Windt v. Banniza,* 2 Wash. 154 (26 Pac. 189), which was an appeal from an order dissolving an attachment when the statute at that time did not allow an appeal in express terms from such an order, and it was claimed that such an order was a "proceeding" in the action, and appeals were allowed "in all actions and proceedings," we said:

"We are aware that appeals from orders discharging or sustaining attachments are provided for by statute in some of the states; and it may be said that our statute is broad enough to cover such cases. Our reply is: It is broad enough, but too indefinite. Taken in a literal sense, it would permit an appeal from any and every interlocutory order and decision made in the progress of an action. Ordinarily speaking, every step taken in an action is a proceeding; and, if every proceeding were appealable, then this court might be compelled to sit in judgment upon the ruling of the lower court in changing the place of trial of an action, or in overruling a demurrer. We do not believe the legislature intended that the word should be understood in any such sense. But we do believe that the court should not depart from the well known and established principles of the common law, and permit a cause to be brought before it by piecemeal for review, unless clearly authorized so to do by legislative enactment."

"A new trial is a re-examination of an issue [of fact] in the same court after a trial *and decision* by a jury, court, or referees." Bal. Code, § 5070.

This definition contemplates in jury trials a decision of the issue by the jury. This is wholly lacking in this case. This court has repeatedly held that the words "new trial," as found in subdivision 6, § 6500, Ballinger's Code, are to be construed as defined in § 5070, Id.

"The technical terms and phrases of the law, when found in a statute, must be taken in their proper technical signification, unless there is something in the context to show that they were intended to bear a different meaning. Especially on subjects relating to courts and legal process, the legislature are to be considered as speaking technically, unless, from the statute itself, it appears that they used the terms in a more popular sense." Black, Interpretation of Laws, p. 130.

Section 5071, Bal. Code, enumerates the grounds on which a new trial, as defined in § 5070, may be granted, and the disagreement of the jury is not one of these grounds. Therefore the re-examination of the issues which may result from such disagreement is not a new trial in the sense used in the statute giving the right of appeal from an order granting a new trial.

"Courts of justice can give effect to legislative enactments only to the extent to which they may be made operative by a fair and liberal construction of the language used. It is not their province to supply defective enactments by an attempt to carry out fully the purposes which may be supposed to have occasioned those enactments. This would be but an assumption by the judicial of the duties of the legislative department." *Swift v. Luce,* 27 Me. 285.

While the consideration in view by the legislature in giving an appeal from an order granting a new trial was to save the costs of a second trial, and to put an end to

litigation, these considerations cannot override the clear language used in the statute itself, and give an appeal from other orders not mentioned in the statute. Here the language is plain. There is no room for construction. Our statute on appeals is specific, and the orders sought to be appealed from in this case have as well established and recognized designation as has an order which grants a new trial. None of these orders are enumerated as being *independently* appealable. The intention not to include them is plain, and there is no necessity for entering the "realm of purely speculative inquiry." The case of *Nelson v. Denny*, 26 Wash. 327 (67 Pac. 78), which appellant seems to think sustains him in his contention, has no application to the case at bar. In the case of *Nelson v. Denny* there was a final judgment on the merits. In this case there is no judgment. The dissenting opinion in *Nelson v. Denny*, in which the writer of this opinion would have concurred had he been present at the trial, is reasoned upon the theory that there had been a trial resulting in a final judgment. The writer of the dissenting opinion says:

"It is no idle ceremony to try an involved and hotly contested action. When a litigant has once done this, *and has been successful in obtaining a judgment,* he ought not to be driven to re-try his cause before he can review an order *vacating that judgment,* unless the statute permits of no other construction."

If we fully comprehend the argument of the appellant, it is contended that the ruling of the lower court on the motions in question were orders affecting a substantial right, which, in effect, granted a new trial by causing a mistrial. The ruling of the court on the admissibility of testimony might with equal reason be said to affect a substantial right, and, if erroneous, might necessitate a new trial. It will hardly be contended that an appeal would

40—28 WASH.

lie from such an order independent of a final judgment. The court, in passing upon these motions, simply determined that the evidence necessitated the submission of the case to the jury. The refusal to grant the motions was similiar in effect to an order or decision of the court refusing to admit testimony. In this case there has been no trial, because there has been no decision on any issue; there is no verdict, and no judgment. Appellant's claim, therefore, that this evidence, which is barren of results, can be brought here for review by a bill of exceptions has no more foundation than would exist should an appeal be brought from a mere ruling on the admissibility of the evidence. To grant appellant's construction of the statute would be to unsettle well-established principles, and open wide the door of this court to successive and unnecessary appeals on almost every order made by the court during the progress of a trial.

The motion to dismiss the appeal at the cost of the appellant is granted. The rest of the motion is denied.

REAVIS, C. J., and FULLERTON, MOUNT, HADLEY and ANDERS, JJ., concur.

DUNBAR, J., concurs in the result.