[No. 12615-0-II.   Division Two.   October 16, 1989.]

PATRICIA JEAN LAHMANN, *as Personal Representative,* ET AL, *Appellants,* v. SISTERS OF SAINT FRANCIS OF PHILADELPHIA, ET AL, *Respondents.*

*James F. Leggett* and *Leggett & Kram,* for appellants.

*Margaret A. Sundberg, William H. Mays,* and *Williams, Kastner & Gibbs,* for respondent Sisters of Saint Francis.

*Gail Lundgren–Weber, John Patrick Cook,* and *Lee, Smart, Cook, Martin & Patterson,* for respondent Cardiac Study Center.

PETRIE, J.*—Peter Lahmann, Sr., died of a pulmonary embolism while he was a patient at St. Joseph Hospital, Tacoma. His widow, Patricia Jean Lahmann (hereafter Lahmann), personal representative of his estate, on behalf of his estate, on her own behalf, and on behalf of their children, filed a complaint for wrongful death against Sisters of Saint Francis of Philadelphia, d/b/a St. Joseph Hospital and Health Care Center (hereafter Hospital); and Cardiac Study Center, Inc., a Washington Professional Services Corporation (hereafter Cardiac).

At the conclusion of trial, the court instructed the jury, *inter alia*:

1. The plaintiff claims that the defendant, Cardiac Study Center, Inc., did not comply with the applicable standard of care in the following ways:
   a. Failed to identify Peter Lahmann as a high risk patient for blood clots and pulmonary emboli;
   b. Failed to appropriately administer heparin;
   c. Failed to arrange for the insertion of a vena cava filter;
   d. Failed to perform a venogram;
   e. Failed to adequately monitor and treat Peter Lahmann.
2. Plaintiff claims that the defendant, St. Joseph's Hospital, did not comply with the applicable standard of care in the following ways:
   a. Maintaining multiple treatment records;
   b. Failed to follow up on the condition of Peter Lahmann's leg on the afternoon before his death;
   c. Removed the heparin lock;
   d. Failed to notify Needham Ward, M.D. of the condition of Peter Lahmann's leg on the afternoon before his death;
   e. Failed to notify Needham Ward, M.D. of symptoms of Peter Lahmann indicating a pulmonary embolus at 1:30 and 3:00 a.m. on the morning of his death;
   f. Violated the physician's orders and the hospital manual in the care of Peter Lahmann.
3. The plaintiff claims that one or more of the defendant's/defendants' acts was a proximate cause of the injuries and damages to plaintiff and plaintiff's decedent. The defendants deny these claims and the extent of the alleged damages.
4. The foregoing is merely a summary of the claims. You are not to take the same as proof of the matters claimed, and you are to consider only those matters which are established by the

---

*Judge Harold J. Petrie is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

evidence. These claims have been outlined solely to aid you in understanding the issues.

In response to a special verdict form, the jury responded affirmatively to the question: "Was the defendant, St. Joseph's Hospital negligent?" The jury, however, was deadlocked on the question: "Was the negligence of defendant St. Joseph's Hospital a proximate cause of injury or damage to plaintiffs?" The jury responded negatively to the question: "Was the defendant, Cardiac Study Center, Inc., negligent?"

Following 3 days of jury deliberation, and after the jury had been polled as to the several responses, the trial court told the jurors, "I am going to excuse you from service in this case." The court then declared that the special verdict form as filled in and signed by the foreman "is being filed in open court."

Thereafter, Lahmann moved for judgment n.o.v. against Hospital or for a new trial against Hospital and Cardiac. On January 6, 1989, the court entered two orders, one denying Lahmann's motion for new trial as to Cardiac and the other dismissing the claim against Cardiac with prejudice, but these orders did not incorporate the finality requirements as set forth in CR 54(b). As to Hospital, the trial court expressed its intention to accept the jury's determination as "a final judgment on the issue of negligence."

Hospital moved for reconsideration on January 9. Thereafter, on January 13, the court denied Lahmann's motion for judgment n.o.v. as to Hospital. Hospital then moved for new trial as to it "on issues of negligence, proximate causation and damages." Hospital's motion was based on provisions of CR 59(a)(1) and (9), contending essentially that substantial justice could not be done by ordering a new trial solely as to proximate cause and damages. Somewhat simultaneously therewith, Lahmann moved for judgment on the verdict, basing her request on CR 49. Essentially, Lahmann contended, under CR 49(a), Hospital had waived its right to jury trial by its failure to object to the form of the special verdict which had not sought determination by

the jury as to which of the six specific acts of alleged misconduct constituted Hospital's negligence. Accordingly, Lahmann asked the court pursuant to CR 49(a) to enter findings of fact as to each of said alleged acts of misconduct.

On January 27, the trial court granted Hospital's motion to reconsider and entered an order directing a new trial between Lahmann and Hospital, as to all issues, beginning December 4, 1989,

> the court having found pursuant to CR 59(a)(9) the issues of negligence and proximate cause so inter–related that without knowing the specific act or acts of negligence found by the jury, a new jury could not properly deliberate on the issue of *proximate cause* and/or damages.

Without having expressly so declared, the court refused consideration of Lahmann's request to enter findings of fact pursuant to CR 49(a). Upon Lahmann's motion to reconsider the form of the January 27 order, the court amended it on February 10, declaring pursuant to CR 54(b) that there was no just reason for delay. On February 23, Lahmann filed a notice of appeal to this court seeking review "of the Final Order for New Trial on All Issues Entered on 27 January 1989 as amended 10 February 1989."

On appeal, Lahmann assigns error (1) to the trial court's January 6 order dismissing her complaint against Cardiac; (2) to the trial court's January 27 order granting Hospital's motion for new trial on all issues and, in effect, setting aside the jury verdict pursuant to CR 59(a)(9); and (3) the trial court's refusal to consider motion for judgment on the verdict pursuant to CR 49(a).

We consider, first, Lahmann's challenge to Cardiac's dismissal. Rather than discussing whether that issue is properly before us as a matter of right, we prefer to consider it under authority granted by RAP 2.4(b) and under the limited scope of the issue presented.

■ Lahmann's fundamental position is that the trial court's action of dismissing the jury constituted a "mistrial." Accordingly, she contends, citing language in *Dossett*

*v. St. Paul & Tacoma Lumber Co.,* 28 Wash. 618, 626, 69 P. 9 (1902), "there has been no trial," and all the issues must be tried as to all the parties.

We accept the contention that a trial court's discharge of a jury by reason of the jurors' failure to agree on a verdict constitutes a mistrial. In the case at bench, however, the jury did reach a verdict as to Cardiac. That verdict was accepted by the trial court. On that issue, there has been a trial and a verdict as to all five acts of alleged misconduct against Cardiac. A declaration of mistrial as to one of the parties to a trial does not necessarily require a new trial as to other parties. *See State ex rel. Stone v. Superior Court,* 97 Wash. 172, 166 P. 69 (1917). *See also Houvenagle v. Wright,* 340 N.W.2d 783 (Iowa 1983); *Guthrie v. Boose,* 134 Ga. App. 282, 213 S.E.2d 924 (1975).

Insofar as the trial court's orders of January 6, 1989, were based on the theory that a declared mistrial against one defendant does not constitute a mistrial against other defendants, they are correct. We pass no judgment as to the efficacy of those orders on any other basis. They have not, to this date, become appealable orders.

We turn, then, to Lahmann's appeal from the trial court's orders of January 27 and February 10, 1989, granting new trial against Hospital on all issues. Here, Hospital asserts that those orders are not appealable orders. Hospital does recognize that RAP 2.2(a)(9) permits appeal from an order granting or denying a motion for new trial. However, Hospital contends, since the issue before the court is not whether there will be a new trial, but rather what issues the new trial will comprehend, RAP 2.2(a)(9) does not support any claim of appeal as of right. For the reasons set forth below, we hold that under the posture of this case such a narrowing of the authority of RAP 2.2(a)(9) to appeal as of right is not warranted.

■ Hospital also directs our attention to *Dossett v. St. Paul & Tacoma Lumber Co., supra,* and *Doerflinger v. New York Life Ins. Co.,* 88 Wn.2d 878, 567 P.2d 230 (1977). In *Dossett,* the court held that an order discharging the jury

for failure to agree and authorizing retrial was not an appealable order on the theory that it was an order granting a new trial. Again, we distinguish *Dossett* because there *no* verdict had been reached and, accordingly, no trial took place because no verdict was reached on any issue. Here, the contrary occurred, and if Lahmann must be deprived of the jury's verdict of Hospital's negligence, it will certainly be prejudiced. This latter fact satisfies the requirement of *Doerflinger* that no appeal will lie from a CR 54(b) judgment which declares, "there is no just reason for delay" unless there exists also "some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Doerflinger*, 88 Wn.2d at 882.

We hold the trial court's orders of January 27 and February 20, 1989, are appealable by Lahmann as a matter of right.

Thus, we reach the issue of whether Hospital has waived its right to a trial by jury by its failure to object to the form of the special verdict. (Indeed, Hospital proposed the special verdict presented to the jury.) In our opinion, Lahmann has failed to state the issue correctly.

CR 49(a) provides:

> The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. *If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his rights to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury.* As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.

(Italics ours.)

The special verdict instruction presented to the jurors and their response thereto was:

We, the jury, make the following answers to the questions submitted by the Court:

QUESTION NO. 1. Was the defendant, St. Joseph's Hospital, negligent?

Answer: ___Yes (12)___ (Yes or No)

(If you answered this Question "Yes" answer Question No. 2. Otherwise, answer Question No. 3.)

Note: At least 10 of the same jurors who agree to the answer to No. 1 must agree to the answer to No. 2.

QUESTION NO. 2. Was the negligence of defendant St. Joseph's Hospital a proximate cause of injury or damage to plaintiffs?

Answer: _____ (Yes or No)

(Answer Question No. 3)

■ The jury failed to answer question number 2 because it failed to agree. Lahmann's objection to the form of the special verdict comes too late. There is no indication in the record presented to us that she objected to the form of the court's instruction before the jury was discharged. Accordingly, the trial court had no opportunity to consider whether or not to inject more specificity into the special verdict. Lahmann's failure to object to the form of the special verdict instruction while the trial court still had control over the form to be presented to the jury precludes consideration of the issue on appeal. *J.C. Motor Lines, Inc. v. Trailways Bus Sys. Inc.*, 689 F.2d 599 (5th Cir. 1982).

■ Furthermore, the factors for considering the adequacy of special interrogatories to the jury are (1) whether, when read as a whole and in conjunction with the general charge the interrogatories adequately presented the contested issues to the jury; (2) whether the submission of the issues to the jury was "fair"; and (3) whether the "ultimate questions of fact" were clearly submitted to the jury. *Dreiling v. General Elec. Co.*, 511 F.2d 768, 774 (5th Cir.

1975). Tested by those criteria, we find the special verdict form was proper.

Here, the jury had been specifically told in the general charge that there were six acts which were alleged to have been negligent, and that one or more of those acts were claimed to have been the proximate cause of Mr. Lahmann's death. Some of them would have had a more direct effect on Mr. Lahmann's condition than others. There is nothing in the record to indicate which acts the jury considered negligent, and the jury's inability to determine the issue of proximate cause makes a selection of any or all of those acts even more speculative. The trial court properly refused to substitute its opinion for the jury's.

That brings us, finally, to the issue of the scope of the new trial. Here, Lahmann contends the new trial should be limited to the issues of proximate cause and damages only.

■ A new trial may be limited to certain issues where it clearly appears that the original issues were distinct and justice does not require resubmission of the entire case to the jury. *Mina v. Boise Cascade Corp.*, 104 Wn.2d 696, 707, 710 P.2d 184 (1985). Where the initial trial has settled the issue of liability without error, but the question of damages remains to be resolved, a retrial on damages alone may be entirely proper. However, when a theory of liability is yet unresolved, and the evidence to establish the theory will explore areas of other theories of liability, a different problem is presented. A limitation of issues on retrial should only be imposed where the issue to be retried is so distinct and separable from the other issues that a trial of that issue alone can take place without injustice or complication. *Cramer v. Bock*, 21 Wn.2d 13, 17–18, 149 P.2d 525 (1944); *Holt v. Nelson*, 11 Wn. App. 230, 243, 523 P.2d 211 (1974).

Here, the question of proximate cause could not be resolved without reference to Hospital's negligent acts. Since the answer to the interrogatory in the first trial does not indicate which acts the jury found to be negligent, the second jury will have to make that determination. The issues of negligence and proximate cause are not separable

in this case, and it would be impossible to limit the second trial as Lahmann desires. The trial court properly rejected the jury's verdict of negligence under authority of CR 59(a)(9).

Lastly, Hospital seeks attorney's fees on appeal on the basis that this is a frivolous appeal. We do not view this appeal so totally devoid of merit that there was no reasonable possibility of reversal. Attorney's fees on appeal are denied.

Judgment affirmed.

ALEXANDER, C.J., and WORSWICK, J., concur.

Reconsideration denied November 14, 1989.