[No. 39717-6-I.   Division One.   May 18, 1998.]

DELORES CAPERS, *Appellant*, v. THE BON MARCHE, ET AL., *Respondents*.

*Jeannie Gorman* and *John P. Sheridan*, for appellant.

*James M. Shaker* of *Ryan, Swanson & Cleveland* (*Diane Saunders*, of counsel), for respondents.

WEBSTER, J. — Delores Capers sued The Bon Marche (the Bon) for wrongfully terminating her on the basis of race. The court's jury instructions properly stated that Mrs. Capers need show by only a preponderance of the evidence that race was a substantial factor in her termination decision. But the special verdict form did not include the "substantial factor" language; it asked the jury to decide

whether The Bon Marche terminated Mrs. Capers "because of" her race. The jury returned a verdict in The Bon's favor. Mrs. Capers appeals, claiming the instructions were legally erroneous, conflicted, and prejudicially misled the jury. Although we do not find the instructions legally erroneous, in light of the omitted language from the special verdict form and the closing arguments, we find the jury instructions were inconsistent and prejudicially misleading. We reverse.

## FACTS

Delores Capers worked for The Bon Marche for over twenty years. She was terminated after The Bon alleged she admitted making "fraudulent voids" at her cash register. She maintains she did not steal from the store and that she was fired because of her race. Accordingly, Mrs. Capers sued The Bon for discrimination under RCW 49.60.180(2), which states, "It is an unfair practice for any employer . . . [t]o discharge . . . any person from employment because of . . . race . . . [or] color . . . ."

At trial, both Mrs. Capers and The Bon submitted proposed jury instructions and special verdict interrogatories. Mrs. Capers concedes that instruction number nine accurately stated the applicable law; "In order to establish intentional race discrimination against The Bon Marche, Mrs. Capers must prove by a preponderance of the evidence that race was a substantial factor in an employer's adverse employment decision. . . ." But she contends the trial court erred in adopting The Bon's proposed special verdict question number one because it did not contain the "substantial factor" language; "Has Mrs. Capers proven by a preponderance of the evidence that The Bon Marche terminated her employment because of her race?"

Attempting to assuage the jury's possible confusion between the "because of" and "substantial factor" language, at closing argument Mrs. Capers's counsel argued:

> Let's go briefly over the elements of the claim. . . . All that Ms. Capers has to show in order to prove discrimination

is—it's contained in instruction number 9—she can prove intentional discrimination based on race against The Bon by showing by a preponderance of the evidence, something more than 50 percent, that race was a substantial factor in the decision to terminate her. That's it. That's all she has to show; it was a substantial factor. She doesn't have to show—it doesn't say the substantial factor—it doesn't have to be the only factor. It has to be just a substantial factor. There can be ten substantial factors. There can be two. It's whatever it is. . . .

. . .

. . . [W]e will be talking about the special verdict form and you will see that the word substantial factor is not in there. It doesn't matter. The jury verdict form is not the law. It's just a question. It's just a bunch of questions that you're asked to fill in. This is the law. These are the elements that we have to prove by a preponderance of the evidence.

. . .

The jury verdict form will first ask you, "Has Ms. Capers proven by a preponderance of the evidence that The Bon Marche terminated her employment because of race?" And the answer is, yes, they have terminated her employment because of race. And that's because we have shown you that race was a substantial factor in her termination.

Verbatim Report of Proceedings (VRP) at 1554-55, 1586.

In response, counsel for The Bon argued:

Let me first talk about some things that Mr. Sheridan [Mrs. Capers's counsel] raised at the beginning that I think have been extremely misleading, . . . in terms of what the law is . . . . Mr. Sheridan made the surprising remark that the jury verdict question that you are going to be answering, and that is whether or not The Bon discriminated against Mrs. Capers because of her race, is not the law. Well, ladies and gentleman, that is exactly word-for-word what the statute says. That is the law. What Mr. Sheridan was talking about is an explanation given by our state supreme court to be given to a judge to help you understand what "because of" means. But the law is exactly that question that you are going to be answering. That's right out of the statute. And don't believe that it's anything other than that.

VRP 1641-43.

Then in rebuttal, Mrs. Capers's counsel responded to defense counsel's characterization of the special verdict form:

> The jury instructions are your bible. They are your recipe book for how to go through this case. This special verdict form, is not. It is merely language that doesn't tell you about elements. It asks you questions and you fill in the blanks. We have already filled those blanks in. Follow that.

VRP 1660-61.

The jury deliberated approximately two and one-half days. Because the jury responded "No" to question one of the special verdict form, the court dismissed Mrs. Capers's suit. She timely appealed.

## DISCUSSION

██ ██ When reviewing jury instructions, they are considered in their entirety and are sufficient if they: (1) permit each party to argue his theory of the case; (2) are not misleading; and (3) when read as a whole, properly inform the trier of fact of the applicable law. *See Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 92, 896 P.2d 682 (1995) (citing *Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 123 Wn.2d 15, 36, 864 P.2d 921 (1993); *Farm Crop Energy, Inc. v. Old Nat'l Bank*, 109 Wn.2d 923, 933, 750 P.2d 231 (1988)). Special verdict forms are reviewed under this same standard. *Id.* Essentially, when read as a whole and with the general charge, the special verdict must adequately present the contested issues to the jury in an unclouded, fair manner. *See Lahmann v. Sisters of St. Francis*, 55 Wn. App. 716, 723, 780 P.2d 868 (1989). An erroneous statement of the applicable law is reversible error if it is also prejudicial. *Hue*, 127 Wn.2d at 92 (citing *State v. Wanrow*, 88 Wn.2d 221, 559 P.2d 548 (1977)).

██ In *Mackay v. Acorn Custom Cabinetry, Inc.*, 127 Wn.2d 302, 898 P.2d 284 (1995), our Supreme Court held that the "because of" language in Washington's Law

Against Discrimination, RCW 49.60.180(2), means a plaintiff must show by a preponderance of the evidence that an attribute listed in the statute—such as race—was only a "substantial factor" motivating an employer's adverse employment decision. *Id.* at 310. In so holding, the court rejected the "determining factor" and "but for" analysis argued by the employer. *Id.*

In light of *Mackay*, we first consider whether the jury instructions were legally sufficient. Mrs. Capers concedes that the instructions allowed her to argue her theory of the case, but complains the special verdict form fails as a matter of law because it did not contain *Mackay*'s "substantial factor" language. The Bon contends a special verdict form differs from jury instructions in that it need not contain all the elements of a cause of action to be legally adequate.

When read as a whole, the jury instructions properly informed the jury of the applicable law. The instructions were not legally erroneous merely because the special verdict form omitted the "substantial factor" language where its accompanying instruction properly set forth the applicable law. *See Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 92-3, 896 P.2d 682 (1995) (finding no misstatement of law in special verdict form where accompanying jury instruction set forth proper law); *Smith v. Sturm, Ruger & Co.*, 39 Wn. App. 740, 745, 695 P.2d 600 (1985) (citing *Estate of Ryder v. Kelly-Springfield Tire Co.*, 91 Wn.2d 111, 115, 587 P.2d 160, 16 A.L.R.4TH 129 (1978)) (holding instructions not erroneous for failing to list all elements of strict liability because special verdict form at issue did not purport to list all the issues, but was intended to be read in conjunction with the other instructions).

■ ■ Notwithstanding the legal sufficiency of the instructions, we must find these instructions insufficient if they are misleading or if the special verdict form clouds the jury's vantage point of the contested issues. *See Lahmann* at 723. Accordingly, Mrs. Capers argues that when read together with jury instruction number nine and in light of

The Bon's closing arguments, question one of the special verdict form prejudicially misled and confused the jury. The Bon responds that its counsel's closing arguments were not misleading; they "clarified and accurately described the law."

We find the special verdict form obstructed the jurors' view of Washington's Law Against Discrimination. Although a special verdict form need not recite each and every legal element necessary to a particular cause of action where there is an accurate accompanying instruction, it may not contain language that is inconsistent with or contradicts that instruction. *See, e.g., Koker v. Armstrong Cork, Inc.*, 60 Wn. App. 466, 483, 804 P.2d 659 (1991) (citing *Hall v. Corporation of Catholic Archbishop*, 80 Wn.2d 797, 804, 498 P.2d 844 (1972)) (prejudicial error to give instructions that are inconsistent or contradictory on a given material point). Here, the "because of" language in the special verdict form contradicted the "substantial factor" language contained in the jury instructions. The *Mackay* court expressly wrestled with RCW 49.60.180(2)'s "because of" language and its latent ambiguity. Ultimately, the court held that only a "substantial factor" need be demonstrated. 127 Wn.2d 302, 309-12, 898 P.2d 284 (1995). The court's holding elucidated the proper legal standard for discrimination claims under RCW 49.60.180(2). Thus, in permitting the "because of" language to proceed to the jury room, the trial court clouded the *Mackay* court's otherwise clear announcement of the applicable law.

This facial inconsistency between the correct instruction and the special verdict form was made manifest by the inaccurate closing arguments of The Bon's counsel. But The Bon contends its closing arguments were of no consequence. It cites *Hue* and *de Mello v. City of Seattle*, 55 Wn. App. 766, 780 P.2d 913 (1989), to support its position. The *Hue* Court found no prejudicially misleading misstatement of law in a special verdict form where the accompanying jury instructions properly set forth the law. 127 Wn.2d at 92-93. Similarly, in *de Mello* we rejected a special verdict form chal-

lenge where the complementary jury instruction was legally appropriate. 55 Wn. App. at 770-71. But in reaching our decision, we specifically noted that "[n]othing in the record suggests de Mello was prejudiced by improper argument of counsel to the jury that the burden had in some fashion shifted to the plaintiff." *Id.* at 770. Thus, unlike *Hue* and *de Mello*, here there was improper argument when The Bon characterized *Mackay*'s holding as "an explanation given by our state supreme court to be given to a judge to help you understand what 'because of' means." VRP 1643. It was likewise inaccurate for The Bon to suggest the actual language of the statute alone, the "because of" language, was the applicable law.

In conclusion, we find counsel's closing argument, together with the omitted "substantial factor" language in the special verdict form, undermined the efficacy of the jury instructions as a whole. Consequently, although not legally erroneous, the instructions were prejudicially misleading.[1]

We reverse.

BAKER and COX, JJ., concur.

Review denied at 137 Wn.2d 1002 (1999).

---

[1]Because we reverse on these grounds alone, we do not decide whether the trial court erred in denying Mrs. Capers's motion for a new trial because of jury misconduct.