[No. 44279-1-I. Division One. July 3, 2000.]

THE BOEING COMPANY, *Respondent*, v. VIRGINIA KEY, *Appellant*.

*Peter Moote* (of *Peter Moote & Associates*), for appellant.
*Janet L. Smith* and *Gilbert M. Stratton* (of *Craig, Jessup & Stratton*), for respondent.

BAKER, J. — Virginia Key's industrial insurance claim was dismissed after a jury found that she did not sustain an industrial injury. Key appeals, contending that the trial court erred in giving an instruction that misstated the law by referring to exclusions for mental health disabilities caused by stress applicable to occupational disease cases. Because the instruction correctly stated the law and did not prevent Key from arguing her theory of the case, we affirm.

I

Virginia Key was employed by Boeing in the Proposal

Development Organization (PDO), where she worked with Karen Mowrey, Nancy Gross, and Sandra Spence. The atmosphere within the PDO was dysfunctional, tense and hostile. A meeting was held in Gross's office to address a conflict that had arisen regarding Spence's refusal to submit progress reports to Key. Later that day, in a private meeting with Gross, Spence told Gross that if she had a gun she would shoot Mowrey and Key, and that she wished Mowrey and Key would be in a plane crash.

The following day, Gross contacted Terry Burdick, a Boeing human resources representative, and expressed concern about Spence's comments and about the tension within the PDO. That same morning, Gross contacted Mowrey and told her that she did not want Mowrey or Key to have any one-on-one meetings with Spence. Mowrey passed this information along to Key. Key nevertheless had three contacts with Spence over the next two days, and testified that Spence was hostile towards her each time.

Key then approached Mowrey, who recommended that they meet with Burdick at the human resources department. At that meeting, Key was "very upset" and "sobbing." Key was then excused from the meeting, which continued between Burdick and Mowrey. After the meeting, Mowrey told Key that she should not come to the office the next day. Although Spence never directly threatened Key, Key concluded that Spence had made some kind of death threat against her, and that Mowrey, Burdick, and Gross were taking the threat seriously. Key had an extreme anxiety reaction and was diagnosed with posttraumatic stress disorder.

Key filed an application for benefits under the Industrial Insurance Act for the condition of posttraumatic stress disorder caused by conditions of her work at Boeing. The Department of Labor and Industries issued a final order rejecting the claim. Key appealed to the Board of Industrial Insurance Appeals, which reversed the Department and allowed the claim as an industrial injury. Boeing then appealed to superior court requesting a jury trial. The jury

returned a verdict rejecting the industrial injury claim and reversing the Board. Key appeals the judgment entered on the verdict.

## II

■ ■ Alleged errors of law in jury instructions are reviewed de novo.[1] Whether to give a particular jury instruction is within the trial court's discretion.[2]

The sole issue before the jury was whether Key suffered an industrial injury. An industrial injury is defined as "a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical conditions as result therefrom."[3] An occupational disease, on the other hand, is defined as "such disease or infection as arises naturally and proximately out of employment under the mandatory or elective adoption provisions of this title."[4]

There are no stress-related exclusions for industrial injury claims. However, RCW 51.08.142 and WAC 296-14-300 proscribe claims for occupational diseases based on mental conditions or mental disabilities caused by stress. In particular, WAC 296-14-300(1)(d) excludes "[r]elationships with supervisors, coworkers, or the public" as grounds for a stress-related occupational disease claim.

Here, the court instructed the jury that:

A worker may not receive benefits for a mental disability caused by stress resulting from relationships with supervisors, co-workers, or the public, unless she has a mental disability caused by stress which is the result of exposure to a sudden and tangible happening of a traumatic nature producing an immediate and prompt result.

---

[1] *Griffin v. West RS, Inc.*, 97 Wn. App. 557, 562, 984 P.2d 1070 (1999), *review granted*, 140 Wn.2d 1017 (2000); *MacSuga v. Spokane County*, 97 Wn. App. 435, 441, 983 P.2d 1167 (1999), *review denied*, 140 Wn.2d 1008 (2000).

[2] *MacSuga*, 97 Wn. App. at 441.

[3] RCW 51.08.100.

[4] RCW 51.08.140.

Because the sole issue before the jury pertained to Key's industrial injury claim, Key argues that the court should have limited its instructions to standards which are applicable to industrial injury cases. Because this instruction prefaces the definition of an industrial injury with the stress-related exclusion for occupational disease claims, Key argues that the instruction erroneously indicates that the exclusion of stress claims applicable to occupational disease cases is also applicable to industrial injury cases. Key claims that the instruction significantly misstates the law by suggesting that stress claims are not covered by the Industrial Insurance Act, and that she was prejudiced because the instruction acted as a directed verdict for Boeing. Boeing counters that the instruction correctly instructed the jury that claims for occupational disease based upon mental stress are barred, but that claims for mental disability resulting from an industrial injury are allowed.

██ The court need not include specific language in a jury instruction, so long as the instructions as a whole correctly state the law.[5] Jury instructions are sufficient if they (1) permit each party to argue its theory of the case, (2) are not misleading, and (3) when read as a whole, properly inform the trier of fact of the applicable law.[6] An erroneous instruction does not require reversal unless prejudice is shown.[7] Error is not prejudicial unless it presumptively affects the outcome of the trial.[8]

█ This jury instruction does not misstate the law. Contrary to Key's interpretation, the instruction does not state that the claimant may not receive benefits for a mental disability caused by stress resulting from relationships with supervisors and co-workers. Nor does it state that

[5] *Capers v. Bon Marche*, 91 Wn. App. 138, 143, 955 P.2d 822 (1998), *review denied*, 137 Wn.2d 1002 (1999).

[6] *Judd v. Department of Labor & Indus.*, 63 Wn. App. 471, 476, 820 P.2d 62 (1991).

[7] *Thomas v. French*, 99 Wn.2d 95, 104, 659 P.2d 1097 (1983).

[8] *Goodman v. Boeing Co.*, 75 Wn. App. 60, 68, 877 P.2d 703 (1994), *aff'd*, 127 Wn.2d 401 (1995).

stress claims are not covered by the Industrial Insurance Act. Rather, it specifies that such claims are allowable under circumstances that constitute an industrial injury. This instruction accurately summarizes the law, and it did not prevent Key from arguing that the claim was allowable as an industrial injury because her condition resulted from a sudden, tangible and traumatic event that produced an immediate result. The instruction also permitted Boeing to argue that Key's stress-related claim did not meet the definition of an industrial injury. The trial court was well within its discretion in giving this jury instruction.

Moreover, Key has failed to show that the instruction was prejudicial. Many witnesses, including Key, testified that the tension at the PDO and between Key and Spence had been building up for quite some time prior to Spence's alleged death threats. Therefore, the jury could reasonably have found that Key's claim did not meet the definition of an industrial injury because her emotional distress manifested as a result of events that unfolded gradually over a period of time rather than from a sudden, tangible, traumatic incident that produced an immediate result. The instruction's reference to exclusions for certain types of stress-related claims has no bearing on this result.

WEBSTER and COX, JJ., concur.

Review denied at 142 Wn.2d 1017 (2001).