IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| CHARLES L. KIMZEY, | ) | No. 72323-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DEPARTMENT OF LABOR AND | ) | |
| INDUSTRIES, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 30, 2015 |

SCHINDLER, J. — The Industrial Insurance Act (IIA), Title 51 RCW, expressly

excludes claims for an occupational disease "based on mental conditions or mental

disabilities caused by stress."[1] Here, the undisputed record established the claim for

post-traumatic stress disorder was caused by the cumulative effects of working as a

paramedic. We reverse the superior court and affirm the decision of the Department of

Labor and Industries to deny the claim for benefits.

Claim for Benefits

After serving as a paramedic in the military, Charles L. Kimzey worked as a

paramedic for Evergreen Medic One. Beginning in 2002, Kimzey worked as a

paramedic for Vashon Island Fire and Rescue.

---

[1] RCW 51.08.142.

In June 2012, mental health advanced registered nurse practitioner (ARNP) Rachel Burgett diagnosed Kimzey with post-traumatic stress disorder (PTSD). Burgett prescribed a number of medications including an antidepressant. In July, Vashon Health Center family physician Dr. Gary Koch diagnosed Kimzey with PTSD and severe depression.

On July 11, 2012, Kimzey filed a claim for benefits with the Department of Labor and Industries for an "Industrial Injury or Occupational Disease." Kimzey stated his PTSD and depression were caused by "[r]epeated exposure to some pretty horrific incidents . . . over a 25 year career in the Fire Service and with Medic One." Kimzey described the "most troublesome" incidents as involving "people I knew and cared about." Kimzey states he suffered from "massive, debilitating panic attacks requiring ongoing mental health therapy and medications."

The Department denied Kimzey's claim for benefits as an industrial injury or an occupational disease. The "Notice of Decision" states, in pertinent part:

> This claim for benefits filed on 7/11/2012 while working for VASHON ISLAND FIRE & RESCUE is hereby rejected as an industrial injury or occupational disease for the following reasons:
>
> Claims based on mental conditions or mental disabilities caused by stress are specifically excluded from coverage by law.

Kimzey appealed the decision to the Board of Industrial Insurance Appeals. A number of witnesses testified at the hearing before the Industrial Appeals Judge (IAJ) including Vashon Island Fire and Rescue paramedic and firefighter William Buchanan and Vashon Island Fire and Rescue Battalion Chief Mark Brownell. Kimzey also presented the deposition testimony of ARNP Rachel Burgett and Dr. Gary Koch. The Department did not call any witnesses.

Buchanan testified that Kimzey was "a good paramedic" who "thoroughly enjoyed" his job. However, by February 2012, "it was clear . . . something had affected [Kimzey's] ability" to function at work. Buchanan testified that Kimzey did not "identify the triggers for that anxiety . . . . [T]he identification really was having to deal . . . with life-threatening emergencies, kids in general."

Battalion Chief Brownell testified that after Kimzey began experiencing symptoms of PTSD and depression, the "contrast there . . . was pretty drastic."

Kimzey testified about a number of incidents including a failed intubation, airlifting his sixth grade Sunday school teacher after a heart attack, and "see[ing] someone in the grocery store after you've just tried and failed to resuscitate a family member."

Kimzey also described emergency calls involving child fatalities, the death of a mother and her children in a fiery car accident, and the death of a family in a landslide. Kimzey testified about "[h]orrible, horrible thoughts" when he responded to a call involving a child with allergies such as imagining "he was going to be dead" or that the child's airway would close and the rescue effort would be "beyond my skill."

Kimzey described the symptoms he suffered from as follows:

It starts out with a low-level anxiety, gastrointestinal discomfort, followed by diarrhea. And then I get projectile vomiting.
And then it really cascades, because I can't stop. And then I have these everything is going to — everyone I care about is going to die a horrible death, and I'm going to be standing there, and there's not a darn thing I can do about it.
. . . .
. . . I could find no joy.
Everything was a catastrophe. Everything I loved and cared about was going to be ripped from me violently and bloodily, and I couldn't stop it.

3

In her deposition, Burgett testified that on June 18, 2012, Kimzey "presented with symptoms consistent with" PTSD and a major depressive disorder. Burgett testified PTSD is "an anxiety disorder" that manifests in "a cluster of symptoms" such as "avoidance, severe anxiety, reexperiencing of the trauma, nightmares, easy startle reflect, [and] inability to face situations similar to the trauma." Burgett said Kimzey was having nightmares "where he was unable to leave the station, where he felt trapped there and felt anxious when he woke up," and "[d]reams of death and injury happening to children, not being able to help children on calls, things like that."

Burgett described the "research that shows that [emergency medical technicians] and paramedics and firefighters dealing with children is one of the more significant traumatic events in their career." Burgett testified that Kimzey's PTSD was "[c]learly from the cumulative effects of trauma in his work environment." Burgett described the PTSD Kimzey suffered from as "a buildup of triggers, and I think . . . the most troubling events involved children." But Burgett testified that although Kimzey referred to incidents with children several times, his PTSD was "a cumulation of incidents that occurred over his work career." According to Burgett, "[m]ore-probably-than-not" Kimzey's PTSD and depressive disorder were "work related."

Dr. Koch is a family physician at Vashon Health Center. Kimzey saw Dr. Koch on July 5, 2012. Kimzey told Dr. Koch that he had not been to work since February. Dr. Koch testified that Kimzey suffered from severe depression. "On the PHQ-9[2] depression score [Kimzey] scored 22 points, which is in a severe depression range." Dr. Koch believed Kimzey also "met the criteria" for PTSD with a bipolar component.

---

[2] Patient health questionnaire.

4

Dr. Koch testified that Kimzey was "severely depressed, and I didn't think he should return to work . . . . I didn't think he was fit for duty."

In response to whether Kimzey's PTSD was the result of a single event or cumulative events, Dr. Koch testified that in his opinion, PTSD "could be either; you can have one particular bad exposure or you can have cumulative ones." Dr. Koch testified that Kimzey suffered from "a cumulative memory of many severe traumatic images." Dr. Koch did not recall Kimzey "going into any individual detail about specific cases." Dr. Koch said Kimzey exhibited "classic symptoms" of cumulative events that resulted in PTSD "caused by the stresses of his employment." When asked about Kimzey's ability to return to work as a paramedic in the future, Dr. Koch said that depended on whether the work would trigger "stressful stuff if he went back and were placed in a stressful situation of a paramedic role."

The Department did not dispute Kimzey suffered from PTSD and depression. The Department argued that as a matter of law, Kimzey's PTSD and depression did not qualify as an occupational disease or as an industrial injury caused by a sudden and traumatic event. Kimzey argued his PTSD and depression was caused by separate and distinct traumatic events and the cumulative effect of those events.

The IAJ issued a proposed decision and order. The IAJ affirmed the Department's decision to deny Kimzey's claim for benefits as an industrial injury or an occupational disease. The IAJ concluded Kimzey was not entitled to benefits for an industrial injury because the record did not support finding that he "sustained a sudden and traumatic event during the course of his employment." The IAJ concluded Kimzey was not entitled to benefits for an occupational disease for PTSD because "the law is

5

clear that the type of stress claim raised . . . is not compensable under RCW

51.08.142." The proposed decision and order states, in pertinent part:

> The claimant's attorney did a yeomen's job of trying to show that Mr. Kimzey has separate distinct instances of sudden and traumatic events that culminated in his PTSD and depression. The record simply does not support that assertion because the treating experts were very clear that Mr. Kimzey's mental health conditions resulted from the accumulation of years of working as a paramedic. . . .
> . . . Mr. Kimzey has worked more than 25 years as a paramedic and suffers from PTSD and depression resulting from the accumulation of his stress and experiences. Nonetheless, the legislature has spoken, and conditions caused by stress are not compensable under the Industrial Insurance Act as occupational disease.

Kimzey appealed the proposed decision and order to the Board. Kimzey argued

the testimony of Burgett and Dr. Koch established he was entitled to benefits for an

industrial injury and an occupational disease. Kimzey argued, in pertinent part:

> By its very definition, PTSD is caused by an event or events that are traumatic in nature, which results in an injury or injuries to the mind; a psychological response to intense fear, helplessness or horror. In other words, Mr. Kimzey's diagnosis of PTSD, as supported by both Gary Koch, M.D., and Rachel Burgett, RN, ARNP, requires that there be an initiating event of an extreme traumatic stressor involving direct personal experience.
> . . . .
> . . . [B]oth of Mr. Kimzey's experts testified that any one of the instances described in his testimony could have resulted in his mental condition, but his diagnosis was based on the culmination of several events, due in part by the sheer number of traumatic events Mr. Kimzey had witnessed. Any one of these events, or each of these events, resulted in an immediate mental change which soon thereafter manifested through severe gastrointestinal and weight loss issues.[3]

The Board denied the appeal. The Board adopted the proposed decision and order as

the final decision.

---

[3] Emphasis in original.

Superior Court Appeal

Kimzey filed an appeal of the Board decision in superior court. Kimzey filed a jury demand. The Department filed a motion to strike the jury demand. The Department conceded Kimzey had PTSD and depression caused by his work as a paramedic. However, because the administrative record was undisputed, the Department argued the only question was whether as a matter of law, Kimzey was entitled to benefits for his PTSD and depression as an industrial injury or an occupational disease. The court agreed and granted the motion to strike the jury demand. The "Order Striking Jury Demand" states, in pertinent part:

> Based on the Board of Industrial Insurance Appeals record, the pleadings, and Declarations, the court finds that there are no facts in dispute. The question of whether RCW 51.08.100 or RCW 51.08.140 applies to the factual situation presented here is a question of law for this Court to decide. The Department's Motion to Strike the Jury Demand should, therefore, be granted.

In his trial brief, Kimzey argued the evidence established he was entitled to benefits for PTSD and severe depression as both an occupational disease and an industrial injury.

> The evidence establishes that Mr. Kimzey's mental illness, diagnosed as PTSD and severe depression, arose naturally and proximately out of his employment as a paramedic at VIFR [(Vashon Island Fire and Rescue)], in the sense that there are no other intervening independent and sufficient causes for the mental illness and that Mr. Kimzey would not have suffered such illness when he did but for the conditions of his employment at VIFR. The stress Mr. Kimzey experienced has been objectively corroborated by co-workers and supervisors, all of whom highlighted the fact that the stress Mr. Kimzey experienced in the line of duty was unusual and not experienced in everyday life.

The Department asserted the undisputed evidence established Kimzey was not entitled to benefits for PTSD and depression caused by working as a paramedic. The

Department argued the Industrial Insurance Act (IIA), Title 51 RCW, excludes benefits

for an occupational disease or industrial injury caused by stress.

> Kimzey . . . is seeking allowance of his mental health condition, post-traumatic stress disorder (PTSD) and related depression. The Department does not dispute that he has these conditions, or that they were caused by his employment. Mr. Kimzey's claim was rejected because mental health conditions caused by stress are specifically and completely foreclosed by statute as occupational diseases. The other possible avenue of coverage is lacking because Mr. Kimzey does not have an industrial injury: no discrete event has been identified or causally linked to his mental health condition; rather, he and his attending providers have presented this condition as one arising out of the cumulative effects of his 25-year-long career as a paramedic. The undisputed facts show that Mr. Kimzey does not have a compensable condition under the Industrial Insurance Act.
>
> . . . .
> . . . Here, there is no medical testimony suggesting that Mr. Kimzey's PTSD or depression were caused by a specific event, let alone that this is more probable than not true. All the medical testimony proved that Mr. Kimzey is suffering from the cumulative effects of a stressful career, which unfortunately is not compensable under the Act.

The court ruled Kimzey was entitled to benefits for PTSD as an occupational

disease and reversed the decision and order of the Board. The court entered findings

of fact and conclusions of law and awarded Kimzey attorney fees. The findings of fact

and conclusions of law state:

## I. FINDINGS OF FACT

1.1     Charles Kimzey sustained an occupational disease, to wit, PTSD.

1.2     The findings and conclusions of the Board of Industrial Insurance Appeals have been rebutted by Mr. Kimzey by a preponderance of the evidence.

1.3     Charles Kimzey's PTSD arose naturally and proximately out of distinctive conditions of his employment as a paramedic for Vashon Fire and Rescue.

1.4 Charles Kimzey's PTSD arose naturally out of and was proximately caused by the cumulative effects of traumatic incidents during his job as a paramedic during his career.

1.5 In the course of his work as a paramedic in dealing with traumatic incidents and the life and death situations that were stressful to him, Charles Kimzey became symptomatic of PTSD, a disease caused by trauma.

## II. CONCLUSIONS OF LAW

2.1 The Findings and Conclusions of the Board of Industrial Insurance Appeals are in error.

2.2 Charles Kimzey's condition of PTSD is an occupational disease.

2.3 Charles Kimzey's PTSD arose naturally and proximately out of distinctive conditions of his employment as a paramedic for Vashon Fire & Rescue, and he is entitled to coverage under the Industrial Insurance Act.

2.4 The findings and conclusions of the Board of Industrial Insurance Appeals have been rebutted by Mr. Kimzey by a preponderance of the evidence.

The Department appeals the superior court order reversing the decision of the Board.

Standard of Review

In an appeal from the Board, the superior court acts in an appellate capacity and reviews the decision de novo "based solely on the evidence and testimony presented to the Board." Leuluaialii v. Dep't of Labor & Indus., 169 Wn. App. 672, 677, 279 P.3d 515 (2012); Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999). The Board's decision is prima facie correct and the burden of proof is on the party challenging the decision. RCW 51.52.115; Ruse, 138 Wn.2d at 5.

RCW 51.52.115 states, in pertinent part:

The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court as provided in RCW 51.52.110. . . . In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same. If the court shall determine that the board has acted within its power and has correctly construed the law and found the facts, the decision of the board shall be confirmed; otherwise, it shall be reversed or modified.

In an industrial insurance case, we review the decision of the superior court, not the decision of the Board. RCW 51.52.140; Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 179-81, 210 P.3d 355 (2009). Our review of the superior court's decision is governed by RCW 51.52.140. RCW 51.52.140 states that an "[a]ppeal shall lie from the judgment of the superior court as in other civil cases." Accordingly, the statutory scheme results in a different role for this court than is typical for appeals from administrative decisions. Rogers, 151 Wn. App. at 180. We review " 'whether substantial evidence supports the trial court's factual findings and then review, de novo, whether the trial court's conclusions of law flow from the findings.' " Rogers, 151 Wn. App. at 180 (quoting Watson v. Dep't of Labor & Indus., 133 Wn. App. 903, 909, 138 P.3d 177 (2006)). Where, as here, the facts the Board found are undisputed, we treat the facts as verities. Roller v. Dep't of Labor & Indus., 128 Wn. App. 922, 927, 117 P.3d 385 (2005).

Preliminarily, the Department contends the finding of fact that states Kimzey "sustained an occupational disease, to wit, PTSD;" and the finding of fact that states the decision of the Board was "rebutted by Mr. Kimzey by a preponderance of the evidence" are conclusions of law subject to de novo review. We agree. We also note the

conclusions of law repeat these two findings. Conclusion of law 2.2 states, "Kimzey's condition of PTSD is an occupational disease." Conclusion of law 2.4 states the decision of the Board has "been rebutted by Mr. Kimzey by a preponderance of the evidence."

The Department does not challenge the findings of fact that state Kimzey's PTSD "arose naturally and proximately out of distinctive conditions of his employment as a paramedic for Vashon Fire and Rescue;" that his PTSD was "caused by the cumulative effects of traumatic incidents during his job as a paramedic during his career;" or that he dealt with "traumatic incidents and the life and death situations . . . were stressful to him" and he "became symptomatic of PTSD, a disease caused by trauma."

The Department contends that because the legislature categorically excluded benefits for PTSD as an occupational disease, the court erred in concluding Kimzey was entitled to benefits as an occupational disease.

Statutory construction is a question of law we review de novo. Cockle v. Dep't of Labor & Indus., 142 Wn.2d 801, 807, 16 P.3d 583 (2001). Our primary objective is to ascertain and give effect to legislative intent. Cockle, 142 Wn.2d at 807. If the language of a statute is plain and unambiguous, we must give effect to the plain meaning as the expression of legislative intent. Cockle, 142 Wn.2d at 807. We review Washington Administrative Code regulations under the same rules of statutory interpretation. Overlake Hosp. Ass'n v. Dep't of Health, 170 Wn.2d 43, 51-52, 239 P.3d 1095 (2010).

Occupational Disease

Under the IIA, a worker is entitled to disability benefits for an industrial injury or an occupational disease. RCW 51.32.010, .180. An industrial injury is "a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical conditions as result therefrom." RCW 51.08.100.[4] An occupational disease is "such disease or infection as arises naturally and proximately out of employment." RCW 51.08.140.

In 1988, the legislature directed the Department to adopt rules excluding claims for mental conditions or disabilities caused by stress from the definition of occupational disease. LAWS OF 1988, ch. 161, § 16. RCW 51.08.142 states, "The department shall adopt a rule pursuant to chapter 34.05 RCW that claims based on mental conditions or mental disabilities caused by stress do not fall within the definition of occupational disease in RCW 51.08.140."

In accord with the directive of the legislature, the Department adopted WAC 296-14-300.[5] WAC 296-14-300(1) expressly states that claims "based on mental conditions or mental disabilities caused by stress do not fall within the definition of an occupational

---

[4] On appeal, Kimzey does not claim that his PTSD is an industrial injury.

[5] We refer to the WAC in effect at the time of Kimzey's claim throughout the opinion. However, we note that the WAC was recently amended. As amended, WAC 296-14-300(2) states:
> (a) Stress resulting from exposure to a single traumatic event will be adjudicated as an industrial injury. See RCW 51.08.100.
>> (b) Examples of single traumatic events include: Actual or threatened death, actual or threatened physical assault, actual or threatened sexual assault, and life-threatening traumatic injury.
>> (c) These exposures must occur in one of the following ways:
>> (i) Directly experiencing the traumatic event;
>> (ii) Witnessing, in person, the event as it occurred to others; or
>> (iii) Extreme exposure to aversive details of the traumatic event.
>> (d) Repeated exposure to traumatic events, none of which are a single traumatic event as defined in subsection (2)(b) and (c) of this section, is not an industrial injury (see RCW 51.08.100) or an occupational disease (see RCW 51.08.142). A single traumatic event as defined in subsection (2)(b) and (c) of this section that occurs within a series of exposures will be adjudicated as an industrial injury (see RCW 51.08.100).

disease in RCW 51.08.140." See Boeing Co. v. Key, 101 Wn. App. 629, 634, 5 P.3d 16 (2000) (A mental condition caused by stress that results from "events that unfolded gradually over a period of time," or even "from a series of incidents over a period of a few days," is not compensable as an occupational disease.). However, WAC 296-14-300(2) states that a mental condition or disability caused by stress that results from "exposure to a single traumatic event" is compensable as an industrial injury.

WAC 296-14-300 states, in pertinent part:

(1) Claims based on mental conditions or mental disabilities caused by stress do not fall within the definition of an occupational disease in RCW 51.08.140.
Examples of mental conditions or mental disabilities caused by stress that do not fall within occupational disease shall include, but are not limited to, those conditions and disabilities resulting from:
(a) Change of employment duties;
(b) Conflicts with a supervisor;
(c) Actual or perceived threat of loss of a job, demotion, or disciplinary action;
(d) Relationships with supervisors, coworkers, or the public;
(e) Specific or general job dissatisfaction;
(f) Work load pressures;
(g) Subjective perceptions of employment conditions or environment;
(h) Loss of job or demotion for whatever reason;
(i) Fear of exposure to chemicals, radiation biohazards, or other perceived hazards;
(j) Objective or subjective stresses of employment;
(k) Personnel decisions;
(l) Actual, perceived, or anticipated financial reversals or difficulties occurring to the businesses of self-employed individuals or corporate officers.
(2) Stress resulting from exposure to a single traumatic event will be adjudicated with reference to RCW 51.08.100.

Accordingly, a mental condition or disease that is caused by stress from the "[o]bjective or subjective stresses of employment" is not compensable as an occupational disease. WAC 296-14-300(1)(j). But a claim for work-related stress

caused by a sudden, tangible, external traumatic event that produces an immediate result is compensable as an industrial injury under RCW 51.08.100. WAC 296-14-300(2); Boeing, 101 Wn. App. at 634.

The plain and unambiguous language of RCW 51.08.142 and WAC 296-14-300(1) exclude mental conditions and disabilities caused by stress that is not the result of a single traumatic event from the definition of occupational disease. Because the undisputed testimony establishes Kimzey's PTSD and depression was the result of traumatic and stressful events over time while working as a paramedic, we hold the superior court erred in reversing the Department's denial of benefits as an occupational disease.

Rothwell v. Nine Mile Falls School District, 149 Wn. App. 771, 206 P.3d 347 (2009), supports our analysis. In Rothwell, the court addressed whether the plaintiff's lawsuit for intentional and negligent infliction of emotional distress was barred by the IIA. Rothwell, 149 Wn. App. at 776-77. The plaintiff argued her action was not barred by the IIA because her claim for PTSD "does not arise out of an industrial injury or occupational disease." Rothwell, 149 Wn. App. at 777. The court held the lawsuit was not barred by the IIA because her "PTSD is not an injury or occupational disease under the [IIA]." Rothwell, 149 Wn. App. at 782. The court concluded that because the plaintiff's "mental condition was not the result of exposure to a single traumatic event," her PTSD did not meet the definition for a compensable injury under the IIA. Rothwell, 149 Wn. App. at 781. The court concluded that because the plaintiff's PTSD was the result of "a series of incidents over a period of a few days," her mental condition did not meet the definition for an occupational disease. Rothwell, 149 Wn. App. at 782.

While Kimzey argues on appeal that the medical testimony establishes "trauma" not "stress" caused his PTSD, he did not make this argument at the administrative hearing before the Board.

Under RCW 51.52.104, a party waives an argument "not specifically set forth" in the petition for review. Leuluaialii, 169 Wn. App. at 684; Allan v. Dep't of Labor & Indus., 66 Wn. App. 415, 422, 832 P.2d 489 (1992). RCW 51.52.104 states, in pertinent part:

> [A]ny party may file with the board a written petition for review . . . [that] shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein.

In the notice of appeal to the Board, Kimzey states the cause of "his psychological or psychiatric condition" is "on-the-job stress." In his petition for review, Kimzey asserts his PTSD was caused by "an initiating event of an extreme traumatic stressor" and the "mental stress to which Mr. Kimzey was exposed and to which he was continually subjected over the period of his career."

In any event, the administrative record does not support Kimzey's argument that his PTSD was caused by only trauma. Under the IIA, a worker who claims rights is held "to strict proof of their right to receive the benefits provided by the act." Olympia Brewing Co. v. Dep't of Labor & Indus., 34 Wn.2d 498, 505, 208 P.2d 1181 (1949), overruled on other grounds by Windust v. Dep't of Labor & Indus., 52 Wn.2d 33, 323

P.2d 241 (1958).[6] Kimzey did not present any expert testimony that draws a distinction between trauma and stress as it relates to PTSD. Burgett and Dr. Koch testified that during his career as a paramedic, Kimzey experienced traumatic events that resulted in debilitating stress and his PTSD was caused by stress. The undisputed testimony establishes that Kimzey's PTSD was caused by "intense psychological stress" and traumatic incidents over the course of a 25-year career as a paramedic.

Because a mental condition caused by cumulative work-related stress is expressly excluded from coverage as an occupational disease, the superior court erred in reversing the decision and order of the Board denying Kimzey's PTSD claim for benefits as an occupational disease. We reverse the superior court decision and the award of fees. We affirm the decision and order of the Board.

WE CONCUR:

---

[6] Kimzey filed a motion asking this court to take judicial notice of two nonconsecutive pages of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) as "the universal authority for psychiatric diagnosis." In response, the Department submitted a copy of the DSM-5. The Department does not object provided the court take judicial notice of the entire DSM-5. But appellate review of industrial insurance cases is "based solely on the evidence and testimony presented to the Board." Leuluaialii, 169 Wn. App. at 677. We decline to take judicial notice of the DSM-5 because it was not submitted below or part of the administrative record.